ATLANTA, AUGUST TERM, 1860.　69

Davis et al. vs. The Bank of Fulton.

## DAVIS et al. vs. THE BANK OF FULTON.

1. The Charter of a Bank, granted by Act of the General Assembly of Georgia, is a Public Act, and Courts must take judicial cognizance of it, in all cases, without having been specially given in evidence.
2. Where a clause in a Bank Charter authorizes the joining in one action of all parties, to a note or bill given to be negotiated, or actually negotiated in that bank, such joinder is proper.
3. Such a clause in a Bank Charter is not unconstitutional, because not expressly recited in the title of the Act of incorporation.

Assumpsit, in Fulton Superior Court. Tried before Judge BULL, at the April Term, 1860.

The Bank of Fulton brought an action in Fulton Superior Court against James C. Davis, as drawer and endorser, and Williams, Rhea & Co., as acceptors, to recover the sum due on a bill of exchange, drawn by James C. Davis, addressed to the said Williams, Rhea & Co., and accepted by them.

The defendants pleaded to said action: the general issue: payment; set-off; misjoinder of parties defendant; and that there was no such bank as the Bank of Fulton.

On the trial in the Court below, the plaintiff introduced in evidence the bill of exchange sued on. which was read to the jury without objection.

The plaintiff, also, proposed to prove, that the bill of exchange sued on, was presented to the makers, and payment demanded and refused, and notice to the endorsers, which testimony was objected to by defendants. The objection was overruled and the testimony admitted, and the defendants excepted. The plaintiff then closed his case.

The defendants' counsel then moved the Court for a non-suit, as to the endorser, on the following grounds:

1st. Because the plaintiff had sued as a corporation, and there was no proof of such corporate body capable of bringing this suit.

2d. Because the bill of exchange, read in evidence, showed that it was made for the purpose of being negotiated, and was actually negotiated at a chartered bank, and as such, the drawer, endorser and acceptors could not be sued in the same action, and that they were improperly joined as defendants in this case.

3d. That the 11th section of the charter of the Bank of

CHARTER OF BANK—JUDICIAL COGNIZANCE OF. "The charter of a bank is a public law, and the courts will take judicial cognizance thereof. When, therefore, pending an action against a bank on a dormant judgment, its charter expired, the court properly dismissed the action." Terry v. Merchants' and Planters' Bank of Savannah, 66 Ga. 177, 178.

MAKER AND ENDORSER SEVERALLY, NOT JOINTLY BOUND. "The maker and endorser of a negotiable promissory note are severally, not jointly, bound by the instrument. Their contracts are essentially different. That of the maker is to pay the note when due, according to the terms of the writing. That of the endorser is that he will pay only on certain well-defined conditions precedent. Owing to the several nature of the contract, a suit against the maker and endorser in one action was not known to the law merchant; and it was necessary to obtain a judgment against the maker before liability of the endorser was established. The suit against maker and endorser in one action is entirely of statutory origin, (14 Enc. Pl. and Pr., 452, and authorities

Fulton is void, as it contains matter different from what is expressed in the title of the Act incorporating said bank.

The presiding Judge overruled the motion for a nonsuit, and a verdict and judgment were rendered for the plaintiff.

To these rulings of the Court, the defendants excepted, and bring the writ of error in this case, to reverse the judgment.

A. W. STONE, for the plaintiff in error.

J..I. WHITAKER, for the defendants in error.

·By the Court.—JENKINS, J., delivering the opinion.

1. The first exception to the ruling of the Court below assumes that in a case, wherein a corporation is plaintiff, the Court is bound to ignore its existence, unless an exemplified copy of the statute incorporating it, be put in evidence. We hold, that by the first section of "An Act to regulate the admission of evidence in certain cases," etc., *T. R. R. Cobb's Digest,* 272, bank charters are public Acts, and it is made the duty of Courts to take judicial notice thereof, as in case of other public laws.

2. The exception on· the ground of misjoinder of the defendants is not well taken, because, although the general rule is as herein stated, this case is governed by the 11th section of the Charter of the Bank of Fulton, which expressly authorizes such joinder.

3. The 11th section of the Charter of the Bank of Fulton is not unconstitutional, as "containing matter in the body of the Act different from what is expressed in the title thereof." Had a section been incorporated in this charter, altering the *General Law,* in regard to the joinder of drawers, endorsers and acceptors of bills so negotiated, or meant to be negotiated in bank, the exception would have been well taken. But under the title "An Act to incorporate the Bank of Fulton," no grant, or privilege, or franchise, necessary or proper to a banking institution, is matter different from what is expressed in the title. The 11th section is but the grant of such a privilege.

We find no error in the rulings of the Court below.

cited in note); and the Georgia statute on the subject was not enacted until 1826.   Beckwith *v.* Carlton, 14 Ga. 693.   And see generally on this subject, Vinson *v.* Platt, 21 Ga. 135; Lamar *v.* Cottle. 27 Ga. 265; Davis *v.* Bank; 31 Ga. 69; Ware *v.* Bank, 59 Ga. 844." Wilson *v.* Exchange Bank, 122 Ga. 497.

**TITLE AND SUBJECT MATTER.**  "An Act incorporating a railroad company need not express in its title any of the powers, rights, privileges or immunities which the charter is intended to confer. ,The **charter of a private· corporation is a contract as between the State and the corporation; and the stipulations, terms and conditions of a contract are to be looked for in the body** of the instrument, **not in the title or caption."**  Goldsmith. comptroller-general, *v.* The Rome Railroad Company, 62 Ga. 473 (1), 476, 478.

"Counsel for plaintiff in error insist that the Act of October 16th,'

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.

1879, creating State depositories, is unconstitutional, because as they allege, the caption of the Act contains more than one subject-matter, and the body of the Act contains matter different from the caption. We recognize the fact that if this criticism were well taken, we would be forced, under the imperative mandate of the Constitution itself, to declare the Act void, but we fail to perceive that **the Act does contain more than one subject-matter, to-wit: the creation of State depositories,** or that the matter in the body of the Act is at all different from what is naturally suggested by the caption, to wit: defining its duties and prescribing its liabilities.    21 Ga. 592, 612, 613; 62 Ib. 473; 31 Id. 69." Seay v. Bank of Rome, 66 Ga. 613.