## TERRY *vs.* THE MERCHANTS' AND PLANTERS' BANK OF SAVANNAH.

1. The charter of a bank is a public law, and the courts will take judicial cognizance thereof. When, therefore, pending an action against a bank on a dormant judgment, its charter expired, the court properly dismissed the action.
2. There being no other party defendant except the defunct bank, a motion to reinstate the case and appoint a receiver was properly overruled.

Corporations. Parties. Laws. Before Judge FLEMING. Chatham Superior Court. December Term, 1879.

Reported in the decision.

W. W. MONTGOMERY ; JAS. ATKINS, by brief, for plaintiff in error.

R. E. LESTER, by GEO. A. MERCER, for defendant.

·CRAWFORD, Justice.

This was an action of debt brought in Chatham Superior Court, on a dormant decree obtained in the Circuit Court of the United States against the Merchants' and Planters' Bank of Savannah.

The declaration was filed April 17th, 1879, and the case was called for trial January 30th, 1880, when, on motion of defendant, the following order was passed : "On motion, and after argument of counsel on both sides, ordered that the case be dismissed, the corporation defendant having become extinct by the expiration of its charter." The charter expired by its own limitation on January 1st, 1880.

During the same term of the court a motion was made to reinstate the case, with leave to plaintiff to apply at or before the next term of the court for the appointment of

a receiver to take charge of the assets of said bank, to defend said suit, and generally represent the interests of the bank. This motion was refused, and to the order dismissing and refusing to reinstate the case the plaintiff excepts.

1. The first question made for our determination is, whether the suit was properly dismissed. The charter of a bank is a public act, and the courts will take judicial notice thereof, as was held by this court in *Davis vs. The Bank of Fulton, 31 Ga., 69.* This, then, being the law, what could the court below do thirty days after the expiration of the charter in a case against the *bank*, except to dismiss it? A judgment for the plaintiff would have bound no one; the corporation was as dead as if it had never been chartered. No action of the court, in *that case*, at *that time*, could have revived it, affected the rights of parties, or established a claim against it. Its legal existence had passed away, and, as *a corporation*, the courts could not hold it to answer any more forever.

2. The legal status being in no sense changed at the time of the motion to reinstate *that case*, did the court err in refusing it? We cannot see that it did. An effort, however, was made on the argument to bring this case within the ruling of *Moultrie vs. Smiley & Neal, 16 Ga., 289.*

That was a suit brought against the directors of the Commercial Bank of Macon, to charge them individually for the debts of the bank, because the same exceeded three times the amount of the capital stock paid in, over and above the amount of moneys actually deposited in their vaults for safe-keeping. During the pendency of this action against them, the charter of the bank expired, and they pleaded the dissolution thereof in discharge of all liabilities due to and from the bank.

The directors under whose administration this excess happened, being made liable by the act therefor, in their individual, natural and private capacities, in an action of

debt to be brought against them or any of them, their or any of their heirs, executors or administrators, this court held that the suit against them did not abate by the expiration of the charter.

In *that* case the directors were in court to answer a personal liability, wholly separate and independent of any liability upon the part of the bank, and which the expiration of the charter could in no wise affect, much less discharge. In *this* case there was nothing for the court to act upon except a dead corporation, pursued by an individual creditor to obtain an individual judgment upon a dormant decree. We think that the ruling of the judge was right, and must be affirmed.

Judgment affirmed.