## 56274. GORLIN v. FIRST NATIONAL BANK OF CHATTOOGA COUNTY.

CARLEY, Judge.

Appellant Gorlin, the defendant in a promissory note suit, appealed from the trial court's order setting aside a prior dismissal and from the grant by the trial court of summary judgment in favor of appellee bank. In *Gorlin v. First Nat. Bank,* 148 Ga. App. 133 (250 SE2d 798) (1978), we determined it to be error for the court to set aside its prior dismissal under the three-minute rule and reversed on this basis without reaching the issue of the correctness of the grant of summary judgment on the merits of the case. The Supreme Court granted certiorari and reversed this court holding that under *Spyropoulos v. John Linard Estate,* 243 Ga. 518 (255 SE2d 40) (1979), the trial court properly exercised its discretionary authority in deciding to vacate the dismissal. *First Nat. Bank v. Gorlin,* 243 Ga. 707 (1979). In reversing, the Supreme Court remanded the case to this court "for such further proceedings as may be necessary." Accordingly, the judgment of this court heretofore rendered is vacated and the judgment of the Supreme Court is made the judgment of this court. In accordance with the mandate of the Supreme Court, we will now proceed to consider and decide the remaining enumerations of error which deal with the grant of summary judgment.

The bank's suit on the basis of a promissory note executed by Gorlin sought judgment in the principal amount of $5,000 plus interest, costs and attorney fees. The note was executed on November 8, 1976; provided that the indebtedness evidenced thereby was due on February 8, 1977; and showed an annual percentage rate of 9%. Gorlin's answer denied any liability to appellee and alleged that the interest reserved was usurious. The bank's motion for summary judgment relied upon the pleadings, answers to requests for admissions and the affidavit of the president of the bank verifying the execution and delivery of the promissory note and stating that the note was due and unpaid notwithstanding previous demand for payment. After hearing, the court entered an order granting summary judgment in favor of

the bank against Gorlin in the amount of $5,000 principal plus $637.50 interest, $750 attorney fees and costs of the action.

1. After the order dismissing the case was vacated, hearing was set on the bank's motion for summary judgment. Gorlin filed no response but amended his answer to assert that the action was barred because the bank failed to list the note with the State Revenue Commissioner for intangible tax purposes pursuant to Code Ann. § 92-125. However, that section is not applicable here since Code Ann. § 92-158 provides that banks chartered under the laws of the United States are not subject to §§ 92-113 through 92-159. A bank charter is a public law and judicial cognizance will be taken that a national bank is chartered under the laws of the United States. Cf. *Terry v. Merchants' & Planters' Bank,* 66 Ga. 177 (1) (1880).

2. The legal maximum interest rate at the time the promissory note involved here was executed was 9% per annum, Code Ann. § 57-101 (Ga. L. 1975, p. 370), and the note was, therefore, not usurious.

3. The evidence and affidavit of the bank's president showed conclusively that it was entitled to recover on the note and Gorlin was thereafter "unable to rest upon the mere allegations . . . of his pleading." Code Ann. § 81A-156 (e); *McFarland v. Beardsly,* 148 Ga. App. 645, 646 (1) (252 SE2d 72) (1979); *Belcher v. Logan,* 150 Ga. App. 249 (1) (1979). The trial court did not err in granting summary judgment as to the principal and interest due and the costs of the action.

4. In support of its prayer for recovery of attorney fees in addition to principal and interest pursuant to Code Ann. § 20-506, the bank attached to the complaint a letter dated August 29, 1977, from the bank's attorney to Gorlin which, in full, stated:

"This is to inform you that I have been retained by First National Bank of Chattooga County to present its claim against you in the amount of $5,000.00 plus interest.

"Under the terms of the note executed by you on the 8th day of November, 1976 you were to pay 9% per annum interest plus 15% if collected by an attorney.

"You are hereby notified that unless the principal sum of $5,000.00 due on the above described indebtedness plus interest in the amount of $367.50 is paid to this office by *not later than ten (10) days from the date of this letter,* we will take necessary legal action to collect the same and will ask for attorney fees and court costs.

"This notice is given in accordance with Code Section 20-506 of the Code of Georgia of 1933 as amended relative to the collection of attorney fees.

"This matter is important and demands your immediate attention." (Emphasis supplied.)

In the recent case of *General Elec. &c. Corp. v. Brooks,* 242 Ga. 109, 118 (249 SE2d 596) (1978), the Supreme Court held "that a 'substantial compliance' with the notice provisions of Code Ann. § 20-506 (c) is all that is required" and disapproved previous decisions of this court disallowing attorney fees because of the failure of the notice to track exactly the statutory language. However, in holding that "[w]hen there is actual compliance as to all matters of substance then mere technicalities of form or variations in the mode of expression should not be given the stature of noncompliance," the Supreme Court did clearly enumerate the "matters of substance" which must be contained in the notice given the debtor: "Notice shall (1) be in writing, (2) to the party sought to be held on the obligation, (3) after maturity, (4) that the provisions relative to payment of attorney fees in addition to principal and interest will be enforced, and (5) that the party has 10 days *from the receipt of such notice* to pay the principal and interest without the attorney fees." (Emphasis supplied.) *General Elec. &c. Corp. v. Brooks,* supra, 119.

The notice in this case informed the appellant that in order to avoid attorney fees, the principal and interest must be paid within ten (10) days from the date of the letter rather than within ten (10) days from the date of the *receipt* thereof. We find that this variance from the statutory requirements is material and that it demands a holding that the notice in this case does not constitute "substantial compliance" with the statutory provisions. In *Brooks,* supra, the Supreme Court referred with approval to this court's decision in *Adair Realty &c. Co. v.*

*Williams Bros. Lumber Co.,* 112 Ga. App. 16 (143 SE2d 577) (1965). In *Adair,* we held a notice deficient because it stated that the maker had ten days from the date of the notice rather than from the date of the receipt thereof. Such is the case here and the notice to Gorlin is deficient and requires a disallowance of attorney fees. Accordingly, leave is given to the bank to write off the attorney fees portion of the judgment within ten days after the filing of the remittitur in the court below and upon the bank's so doing, judgment will be affirmed. Otherwise, a new trial is ordered. *Walton v. Johnson,* 213 Ga. 108, 111 (97 SE2d 310) (1957); *Turk's Memory Chapel v. Toccoa Casket Co.,* 134 Ga. App. 71 (213 SE2d 174) (1975).

*Judgment affirmed on condition. Deen, C. J., and Quillian, P. J., concur. Shulman, J., not participating.*

ARGUED SEPTEMBER 5, 1978 — DECIDED JULY 10, 1979.

*Long & MacDowell, Fred MacDowell,* for appellant. *Boney & Boney, F. H. Boney,* for appellee.