## 65401. CARLOS v. MURPHY WAREHOUSE COMPANY, INC.

BIRDSONG, Judge.
Promissory Note. H. A. Fleming made a loan of $7,440 to one Pete Caras taking Caras' promissory note to be paid in 36 equal

installments. Before making the loan, Fleming obtained the signature of the appellant Andrew Carlos (Caras' brother-in-law) on the reverse side of the note as an indorser. The note became delinquent and Fleming's assignee, Murphy Warehouse Co., Inc. (a corporation owned by the Fleming family) brought suit against Carlos to recover the unpaid balance. In its complaint Murphy Warehouse Co. notified Carlos by making demand for the value of the note plus interest and attorney fees, as provided by the note. Carlos answered and defended on the ground that Fleming had materially changed the note after both Caras and Carlos had signed the note as maker and indorser respectively. It was both Caras' and Carlos' contention that the note was changed to reflect Caras as corporate officer rather than an individual (thus affecting usury rates) and had changed Carlos from an indorser to a guarantor. They both testified that the note had been changed after each had signed the note and called a qualified questioned document examiner to testify to the same effect. The trial court limited the examiner's testimony to an expression of opinion as to the time of the typewritten additions to the note. Likewise the court charged the jury that the examiner's testimony was an opinion only and could be rejected by the jury if the jury was not persuaded by the expert's testimony. The jury returned a verdict for Murphy Warehouse, obviously finding that the note was not materially altered after execution and awarded the unpaid amount of the note, interest, and attorney fees. Carlos brings this appeal enumerating three alleged errors. *Held:*

1. Carlos argues in his first enumeration of error that the trial court erred in refusing to allow the forensic expert to testify as to the facts he found, limiting that testimony to opinions only and compounded that error by its charge on expert testimony. As we view the ruling of the trial court, we do not see the court's ruling in the same light as does appellant. When testifying, the expert witness, though he was not present when the notes were signed by either Caras or Carlos, stated as fact that the signatures of the maker and indorser were made in point of time before the typed material accompanying the signature was placed on the note. The trial court in effect reminded counsel that the expert witness could render an opinion as to the juxtaposition in time of the signature and typing but could not state his conclusion as fact. The witness was allowed to testify that a ball point pen would make an indention or furrow in the paper and that the pressure of a key of a typewriter would make a much sharper and deeper cut or mark in the paper. In his opinion, the key of the typewriter had cut through the furrow of the pen pressing the ink into the paper, thus satisfying him that the signature had been placed

upon the paper before the typed material accompanying the signatures.

As we view this evidence, the trial court was absolutely correct in warning counsel (in the face of an objection by opposing counsel) that these objective findings could not be stated as ultimate fact rather than as opinion, inasmuch as the forensic science of questioned documents examination lies in the field of opinion rather than scientific fact. Appellant concedes that as an abstract matter, the court's charge on expert testimony constituted correct statements of law. We agree with that assessment and find no error in the comment and ruling of the court nor in the ultimate charge of the court on this issue.

2. In his second enumeration, Carlos contends that the trial court erred in not granting judgment notwithstanding the verdict or a new trial as to attorney fees because the complaint sought attorney fees based upon a repayment of the face amount of the note when the proof established that approximately $2,000 of the note had been satisfied. Carlos contends that this cannot satisfy the notice requirements of OCGA § 13-1-11 (3) (Code Ann. § 20-506).

We reject this argument. OCGA § 13-1-11 (3) (Code Ann. § 20-506) in substance requires that the debtor be notified in writing after maturity that the attorney fee provisions of the note will be enforced in addition to the balance and interest if the balance of principal and interest is not paid in ten days. *Gen. Elec. Credit Corp. v. Brooks,* 242 Ga. 109, 119 (249 SE2d 596). This opportunity is given by notification to a debtor that he has ten days from receipt of the notice to pay principal and interest and thus avoid liability for attorney fees. Notification and opportunity to tender the amount due seem to be the basic requirements contemplated by the legislation. *Brooks,* supra, p. 114. Moreover, a literal compliance with the language of the statute is not required, only a substantial compliance is demanded. *Brooks,* supra, p. 118.

In this case Carlos admitted the note and that he had made no payments to reduce it, though he and Caras contended that by a series of factoring agreements the indebtedness had been satisfied. A copy of the note was attached to the complaint. We conclude the notice was sufficient to place Caras on notice and satisfied the requirements of the statute even though the evidence ultimately established that the amount demanded was not the exact amount determined to be due by the jury (it was less). See *Shier v. Price,* 152 Ga. App. 593, 595 (2) (263 SE2d 466), where this court held that the failure to state the amount due was not fatal to appropriate notice.

3. In his final enumeration, Carlos enumerates as error the sufficiency of the evidence to sustain the jury's verdict. In substance

Carlos contends that the testimony of the acknowledged forensic expert was so much more believable than that of Fleming that the evidence does not support the jury's verdict. We must observe that the jury heard the testimony of the expert to the effect that because of the impressions on the note he believed the signatures were placed on the note before the typed additions to the note. This was contrasted with the testimony of the creditor Fleming (whose honesty was impugned during the trial) to the effect that all the typing was on the note before it was executed. This conflict created a classical situation of credibility. The jury heard and saw the witnesses, weighed that testimony, and chose to believe Fleming. On appeal our review is restricted to the legal sufficiency of the evidence, not its weight. *Strong v. State,* 232 Ga. 294, 298 (206 SE2d 461). Although the evidence was in conflict on the issue, it was for the jury to resolve such conflicts in the testimony. The jury performed its duty. This court will not now substitute its judgment for that of the jury. *Dade v. Dade,* 213 Ga. 533 (1) (100 SE2d 181). We find no merit in this enumeration.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 11, 1983 —
REHEARING DENIED APRIL 27, 1983 — ▬▬▬▬▬

*Thomas C. Harney, Virginia S. Taylor,* for appellant.
*Mose S. Hayes, Jr.,* for appellee.