70678. ALBANY PRODUCTION CREDIT ASSOCIATION
v. SIZEMORE.
(334 SE2d 872)

DEEN, Presiding Judge.

The appellant brought a writ of possession against Sizemore to recover certain personal property which secured a promissory note from appellee to Albany Production Credit Association. In addition to the personal property pledged to secure payment of the note, Sizemore also executed a deed to secure debt to certain real property in favor of the credit association. Appellee defaulted on the payment of the note and appellant accelerated the outstanding balance, notified appellee by letter dated April 16, 1984, of the acceleration, and gave him the statutory ten-day notice for attorney fees. Subsequently, the credit association foreclosed on the property and then bought it as the highest and best bidder at the foreclosure sale for $2,000 more than the balance of the principal owed as of the sale date.

At the hearing on this action the parties agreed and stipulated to all the facts, leaving only one question of law: whether appellant's attorney fee letter substantially complied with the provisions of OCGA § 13-1-11. The credit association appeals from the trial court's finding that its letter did not comply with the codal requirements in holding that appellee was not indebted to it and that it was not entitled to a writ of possession against Sizemore. *Held:*

In *General Elec. Credit Corp. v. Brooks*, 242 Ga. 109, 119 (249 SE2d 596) (1978), the court had to decide whether the failure to meet the exact statutory requirements was a condition precedent to the collection of attorney fees. The court examined the history of the case law and the legislative intent of the statute, and noted that the statute set forth five matters of substance to be contained in the notice to be given the debtor. "Notice shall (1) be in writing, (2) to the party sought to be held on the obligation, (3) after maturity, (4) that the provisions relative to the payment of attorney fees in addition to principal and interest be enforced, and (5) that the party has 10 days from the receipt of the notice to pay the principal and interest without attorney fees." The court held that substantial compliance with these requirements would be deemed sufficient.

In the instant case the letter gave written notice to the maker of the note, informing him of the default and that the lender was declaring the whole indebtedness due and payable and "notice is hereby given you that the terms of said security instruments and note shall be enforced by foreclosure or other legal procedures, in accordance

with § 13-1-11 of the Official Code of Georgia, Annotated, unless the full amount of said unpaid principal, accumulated interest, advances, etc. is paid in full within ten days of the receipt of this letter . . . [Y]ou are further notified that pursuant to the provisions of said note and said laws of the State of Georgia that if the payment of the entire balance, principal and interest, is not made within ten days of the receipt of this letter, you may be obligated to pay fifteen percent (15%) attorney's fees, plus associated costs of collection."

There is no dispute that the first three matters of substance are adequately set forth and comply with the statute and the holding in the *Brooks* case. As to the last two requirements, appellee contends that the provisions of the letter do not give the requisite notice as they are ambiguous and misleading. We find that the letter clearly states that it is giving notice that the terms of the note and security instrument "shall be enforced by foreclosure or other legal procedure." This second portion of the phrase obviously refers to attorney fees, as the reference to OCGA § 13-11-1 immediately follows. It is only the erroneous insertion of a comma which might cause one to believe that the cited code section might refer to the foreclosure provisions of the code section. All of the documents in question (the note and the security deeds) provide for "reasonable attorney fees" in the event of default, and a quick check of the code section would lead to the inevitable conclusion that the credit association was seeking to enforce this provision. Appellee's contention that the use of the phrase "may be obligated to pay" in the final portion of the letter does not constitute sufficient notice that payment is demanded within ten days or the attorney fees provision will be enforced, is also without merit. When this paragraph is read in conjunction with the previously quoted portion of the letter, it is obvious that the credit association was seeking to enforce its contractual rights to attorney fees. While the use of "may" is a poorer word choice than "shall" or "will," as urged by appellee, it is not fatal when we construe it in conjunction with the entire text of the letter. "When there is actual compliance as to all matters of substance then *mere technicalities of form or variations in the mode of expression* should not be given the stature of noncompliance." *General Elec. Credit Corp. v. Brooks*, supra at 118 (emphasis supplied); *Gorlin v. First Nat. Bank*, 150 Ga. App. 637 (258 SE2d 290) (1979). See also *Carlos v. Murphy Warehouse Co.*, 166 Ga. App. 406 (304 SE2d 439) (1983), wherein this court held that notice was sufficient even though the evidence established that the amount demanded was not the exact amount determined to be due under the note, because only substantial compliance with the code section is required under *Brooks*.

*Judgment reversed. Pope, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I agree with what is said but the use of the word "may" in the letter here is of greater concern to me than expressed in the majority opinion. The statute requires that the debtor be notified that the obligation regarding attorney fees "shall be enforced" unless payment is made within ten days. The letter in *General Elec. &c. Corp. v. Brooks*, 242 Ga. 109, 110 (249 SE2d 596) (1978), which was found to be in substantial compliance, stated that the provisions as to attorney fees "shall be enforced." One of the five factors which must be present, as clearly spelled out by the court in that leading case, is item 4, the notice that attorney fees "will be enforced."

Applying the test there, the court concluded that "It is clear from a reading of the notice . . . that Brooks was notified that the attorney fee provisions in the note *would be enforced*." (Emphasis supplied.) Id. at 119.

Thus there is no excuse for using the word "may," which indicates that a decision has yet to be made as to whether attorney fees will be an added obligation. Inasmuch, however, as it conveys the idea that the option is the creditor's and not the debtor's, I would not find it fatal, when in addition it is considered in the context of the whole letter. But it is troublesome at best and might in other circumstances be insufficient.

DECIDED SEPTEMBER 5, 1985.

*Keith T. Dorough, Richard W. Fields*, for appellant.
*John S. Sims, Jr.*, for appellee.