A89A1753. DAVENPORT v. NANCE.
(390 SE2d 281)

SOGNIER, Judge.

Jim Nance, the seller, brought suit against Duane Davenport, alleging, inter alia, that Davenport defaulted on a promissory note executed in connection with the sale of a business. Summary judgment was entered in favor of Nance, and Davenport appeals, contesting only the award of attorney fees.

Appellant contends the trial court erred by awarding attorney fees because the note contained two different attorney fee provisions that were ambiguous and in conflict with one another, and that the ambiguity could be resolved only by a jury. The first provision stated that "[i]f this note is placed in the hands of an attorney for collection, attorney's fees of 15% will be added to the principal balance." The next paragraph included an acceleration clause, and then provided that if "any payment herein provided for shall not be made at maturity, [appellant] further promise[s] to pay all costs of collection and reasonable attorney's fees." The trial court found that these provisions were not ambiguous, and awarded appellee attorney fees in the amount of 15 percent of the principal owed on the note.

We agree with appellant that the first provision quoted above is ambiguous because it does not specify the amount on which the 15 percent fee is to be calculated, and the second provision appears to conflict with the first, as "reasonable attorney's fees" has a specific legal meaning under OCGA § 13-1-11 (a) (2). However, we do not

agree with appellant that these provisions must be construed by a jury because we find that the matter can be resolved by application of the rules of contract construction. See *Travelers Ins. Co. v. Blakey*, 255 Ga. 699 (342 SE2d 308) (1986). Construing the contract against appellee, the drafter of the document, OCGA § 13-2-2 (5), and following the principle that a limited or specific provision will prevail over one that is more broadly inclusive, *Auto-Owners Ins. Co. v. Barnes*, 188 Ga. App. 439, 441 (1) (373 SE2d 217) (1988), we find that the first provision governs because it provides for a specific calculation of 15 percent. Viewing the language of the note as a whole, OCGA § 13-2-2 (4), we conclude there was an intent to provide for recovery of attorney fees if any portion of the indebtedness was collected by an attorney. As a result, the contract is subject to the statutory rule that "[i]f [a] note . . . provides for attorney's fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing on said note." OCGA § 13-1-11 (a) (1). As the parties are presumed to have acted with knowledge of the applicable law, see OCGA § 1-3-6, we hold that the note between appellant and appellee should be read to provide that attorney fees will be awarded in the amount of 15 percent of the principal *and* interest owed. Accordingly, we vacate the award of attorney fees entered by the trial court and remand with direction to enter judgment in accordance with this opinion.

*Judgment vacated and case remanded with direction. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 12, 1990 —
REHEARING DENIED JANUARY 24, 1990 —

*Rawlins & Mobley, David D. Rawlins*, for appellant.
*Boyce, Thompson & O'Brien, J. Patrick O'Brien, Catherine M. Packwood*, for appellee.