"By: /s/ Jerry B. Attkisson
FJB CORPORATION
Sec/Trea.
/s/ Jerry B. Attkisson
JERRY B. ATTKISSON
/s/ Faset J. Seay
FASET J. SEAY"

There is no question about FJB Corporation's liability on the note, but Attkisson and Seay contend that they are not personally liable since they merely signed in their representative capacities as officers of the corporation. Thus, they assert that the trial court erred by refusing to allow them to explain their signatures on the note and by granting summary judgment to Cavanagh. *Held*:

The promissory note shows no ambiguity about the capacity in which Attkisson and Seay signed. Each put his signature over his typed name on the note without any indication that he signed in a representative capacity. Therefore, they had no entitlement to rely on parol evidence. *Dennisson v. Lakeway Publishers*, 196 Ga. App. 85, 86 (395 SE2d 366); *Brice v. Northwest Ga. Bank*, 186 Ga. App. 871 (368 SE2d 816); *American Cas. Co. v. Crain-Daly Volkswagen*, 129 Ga. App. 576 (200 SE2d 281). Moreover, their unqualified signatures on the note shows that they are liable. OCGA § 11-3-402 and 11-3-403 (2); *Dennisson v. Lakeway Publishers*, supra.

Accordingly, the trial court did not err by granting summary judgment to Cavanagh.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED OCTOBER 24, 1991.

*Craft & Spell, L. Penn Spell, Jr.*, for appellants.
*Thompson & McClure, Douglas R. Thompson*, for appellee.

A91A1251. PROFESSIONAL CLEANERS v. PHENIX SUPPLY COMPANY.
(411 SE2d 781)

POPE, Judge.

Plaintiff/appellee Phenix Supply Company sold dry cleaning products to defendant/appellant Professional Cleaners on an open account. Defendant fell behind in its payments to plaintiff on the account and the parties entered into an installment note which con-

tained, inter alia, a provision for the payment of attorney fees. Plaintiff brought suit against Professional on the note and two other open accounts. On July 10, 1990, after the complaint was filed, plaintiff's attorney sent a letter to defendant demanding payment of the principal and interest allegedly owed under the terms of the installment note. This letter also provided that defendant would be relieved of its obligation to pay attorney fees under the terms of the note if it paid the principal and interest "within ten (10) days from the date of this letter . . . ."

Plaintiff filed a motion for summary judgment, along with affidavits and exhibits, including the July 10, 1990 demand letter, on October 30, 1990. Defendant responded, admitting its liability under the note and account. Defendant contended, however, that plaintiff was not entitled to attorney fees because its demand letter of July 10, 1990 was insufficient as a matter of law because it stated that in order to avoid attorney fees, payment must be made within ten days *from the date of the letter* instead of within ten days *from the date of receipt of the letter* as provided by OCGA § 13-1-11. On January 17, 1991, plaintiff filed a motion to allow supplemental affidavits asserting that it had sent the defendant another demand letter on November 30, 1990, which complied with the provisions of OCGA § 13-1-11. On January 25, 1991, the trial court awarded summary judgment to plaintiff for the amounts owed under the open accounts and note. The trial court also awarded attorney fees under the terms of the note based on its finding that the July 10, 1990 letter substantially complied with the requirements of OCGA § 13-1-11.

"In . . . *General Elec. &c. Corp. v. Brooks*, 242 Ga. 109, 118 (249 SE2d 596) (1978), the Supreme Court held 'that a "substantial compliance" with the notice provisions of [OCGA § 13-1-11] is all that is required' and disapproved previous decisions of this court disallowing attorney fees because of the failure of the notice to track exactly the statutory language. However, in holding that '(w)hen there is actual compliance as to all matters of substance then mere technicalities of form or variations in the mode of expression should not be given the stature of noncompliance,' the Supreme Court did clearly enumerate the 'matters of substance' which must be contained in the notice given the debtor: 'Notice shall (1) be in writing, (2) to the party sought to be held on the obligation, (3) after maturity, (4) that the provisions relative to payment of attorney fees in addition to principal and interest will be enforced, and (5) that the party has 10 days *from the receipt of such notice* to pay the principal and interest without the attorney fees.' (Emphasis supplied.) *General Elec. &c. Corp. v. Brooks*, supra, 119.

"The notice [contained in the letter dated July 10, 1990] informed the [defendant] that in order to avoid attorney fees, the prin-

cipal and interest must be paid within ten (10) days from the date of the letter rather than within ten (10) days from the date of the *receipt* thereof. We find that this variance from the statutory requirements is material and that it demands a holding that the notice [contained in that letter] does not constitute 'substantial compliance' with the statutory provisions." *Gorlin v. First Nat. Bank*, 150 Ga. App. 637, 639 (4) (258 SE2d 290) (1979). See also *Turk's Memory Chapel v. Toccoa Casket Co.*, 134 Ga. App. 71 (213 SE2d 174) (1975); *Adair Realty &c. Co. v. Williams Bros. Lumber Co.*, 112 Ga. App. 16 (143 SE2d 577) (1965). Consequently, the trial court erred in awarding attorney fees on the basis that the July 10, 1990 letter substantially complied with the provisions of OCGA § 13-1-11.

Plaintiff argues, however, that even if its earlier notice was deficient, we should affirm the trial court based on the second, sufficient notice sent November 30, 1990. The affidavit to which the second letter was attached was not filed with the motion for summary judgment and therefore was untimely. See OCGA § 9-11-6 (d). Pretermitting the question of whether the plaintiff could "cure" the earlier defective notice after filing a summary judgment motion, it is apparent that the trial court, which in its order referred only to the insufficient notice sent July 10, 1990, did not consider the later notice in awarding attorney fees to plaintiff. "While the trial court is vested with discretion to consider affidavits not timely filed, the refusal to exercise that discretion is not error." *Trend-Pak of Atlanta v. Arbor Commercial Division*, 197 Ga. App. 137, 139 (2) (397 SE2d 592) (1990). Because no evidence was properly before the court to support the award of attorney fees under the terms of the note, "leave is given to the [plaintiff] to write off the attorney fees portion of the judgment within ten days after the filing of the remittitur in the court below and upon the [plaintiff's] so doing, judgment will be affirmed. Otherwise, a new trial is ordered. [Cits.]" *Gorlin*, supra at 640.

*Judgment affirmed on condition. Birdsong, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 24, 1991.

*Kessler & Sparks, Michael A. Kessler*, for appellant.
*Boyce, Thompson & O'Brien, R. Michael Thompson, Robert J. Solomon*, for appellee.