117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TA INVESTMENT COMPANY, INC., Plaintiff-Appellee,
v.
COM SYSTEMS, INC.; LDDS COMMUNICATIONS, INC., Defendants-Appellants.
 No. 96-15608.
 United States Court of Appeals, Ninth Circuit.
 July 9, 1997.
 
 Argued and Submitted May 8, 1997 San Francisco, California
 Before: HUG, Chief Judge, GOODWIN and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this contract action, COM Systems, Inc., and LDDS Communications, Inc., (collectively the "defendants") appeal the district court's summary judgment for TA Investments Co. ("TA"). The defendants first argue that they did not breach their contract with TA. Second, they argue that, even if they breached their contract, TA is not entitled to specific performance. Finally, the defendants contend that TA should not receive attorneys' fees under Georgia law. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 A. Breach of Contract
 
 3
 The defendants contend that the district court erred in construing the amendment to allow TA to assert its preamendment position absent a breach of § 2.04(d). We disagree. The plain language of the amendment indicates that the parties intended to preserve their respective preamendment positions. Section 2.04(d) provides in relevant part, "[N]othing in this Section 2.04(d) shall prejudice, in any way, [TA's] contention that it has satisfied the conditions set forth in Section 2.04(a) ... as such conditions relate to Nevada Pay Phone...." This language is clear, unambiguous, and capable of only one reasonable interpretation. See R.S. Helms, Inc. v. GST Dev. Co., 135 Ga.App. 845, 848, 219 S.E.2d 458, 460 (Ct.App.1975) (unambiguous language needs no nconstruction)
 
 
 4
 The district court concluded, and the defendants do not dispute, that the July 2 agreement between Nevada Pay Phone and COM Systems satisfied § 2.04(a)(ii) of the parties, contract. The defendants were thus obligated to pay the full purchase price attributable to Nevada Pay Phone and, in failing to do so, they breached their contract with TA.
 
 B. Specific Performance
 
 5
 The defendants argue that TA failed to demonstrate that money damages were an inadequate remedy and, therefore, is not entitled to specific performance. The defendants rely heavily on the fact that the stock at issue was publicly traded. Such stock, they contend, is not unique and cannot serve as the basis for an award of specific performance. Duvall & Company v. H.A. Malcom, 233 Ga. 784, 788, 214 S.E.2d 356, 358 (1975). This argument ignores a significant distinction between Duvall, which involved a contract for the sale of stock, and the instant action. When a seller refuses to deliver stock, the non-breaching buyer can use the cash that was tendered to the seller to enter a cover transaction. That the stock which is the basis of the contract is publicly traded is important because there exists an opportunity to cover.
 
 
 6
 Here, the defendants deprived TA of an opportunity to cover. The defendants refused to deliver not only the stock, but also the cash equivalent. That the stock at issue was publicly traded is therefore irrelevant. Because TA was deprived of the opportunity to enter a cover transaction, money damages are inadequate. We accordingly conclude that the district court properly awarded specific performance.
 
 C. Attorneys' Fees
 
 7
 The defendants also contend that TA is not entitled to attorneys' fees under section 13-1-11 of the Georgia Annotated Code because TA failed to notify the defendants that they had ten days from receipt of the notice to pay the principal and interest owing without being liable for attorneys' fees. Georgia law, however, does not require strict compliance. General Electric Credit Corp. v. Brooks, 242 Ga. 109, 118, 249 S.E.2d 596, 602 (1978). A creditor may comply with the notice requirements of § 13-1-11(a)(3) by attaching a copy of the note or evidence of indebtedness to the pleading. Carlos v. Murphy Warehouse Co., 166 Ga.App. 406, 408, 304 S.E.2d 439, 441 (Ct.App.1983). TA did exactly that. TA's complaint met all of the substantive elements of the notice statute. The complaint informed the defendants in writing of TA's intent to seek attorneys' fees. Further, the defendants had twenty days from service of the complaint in which to file an answer, Fed.R.Civ.P. 12(a)(1), which exceeds the ten day period provided for by § 13-1-11. The purpose of the statute, which is to provide an honest debtor with a meaningful opportunity to cure its default without being held liable for attorneys' fees, was fulfilled. We conclude therefore that the district court correctly concluded that the defendants were liable for attorneys' fees.
 
 
 8
 The decision of the district court accordingly is
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3