A10A0595. COMMUNITY MARKETPLACE PROPERTIES, LLC et al. v. SUNTRUST BANK.

(693 SE2d 602)

JOHNSON, Presiding Judge.

After SunTrust Bank foreclosed on secured property owned by Community Marketplace Properties, LLC pursuant to a debt owed by Community Marketplace and guaranteed by William Russell West and Randall K. Bassett, Community Marketplace sued SunTrust to collect the amount that it claimed the proceeds of the foreclosure sale exceeded the amount it owed on the secured debt. SunTrust filed a counterclaim against Community Marketplace and the guarantors, in which it sought to collect the amount it claimed remained owed (including its attorney fees) after applying the proceeds of the foreclosure sale. The parties filed motions for summary judgment, and the trial court denied the motion filed by Community Market-

---

place and the guarantors and granted the motion filed by SunTrust. Community Marketplace and the guarantors appeal, claiming that (i) SunTrust was not entitled to attorney fees because it did not provide notice in compliance with OCGA § 13-1-11 and (ii) even if SunTrust was entitled to attorney fees, genuine issues of material fact remained as to the amount of such fees. We find no error and affirm.

> Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We apply a de novo standard of appellate review and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that on October 19, 2006, Community Marketplace executed a promissory note payable to SunTrust in the original principal amount of approximately \$322,600. The note provided that Community Marketplace would pay all costs of collection in the event of a default, as well as attorney fees of 15 percent of the principal and interest then owed. To secure payment of the note, Community Marketplace also executed a deed to secure debt on certain real property located in Paulding County. Like the note, the deed provided that if SunTrust collected the secured debt through an attorney, Community Marketplace would pay attorney fees of 15 percent of the principal and interest then owed. In addition, West and Bassett entered into agreements in which they personally guaranteed the obligations of Community Marketplace under the note and security deed.

On July 2, 2008, after Community Marketplace failed to make required payments on the note, SunTrust notified it and each of the guarantors of the default. SunTrust informed Community Marketplace and the guarantors that

> ... pursuant to OCGA § 13-1-11, unless full payment is made within ten (10) days from your receipt hereof, [SunTrust] will have the option of electing to enforce the provisions in the Loan documents relative to payment of attorney fees. ... If, however, the outstanding principal and interest ... are paid in full before the expiration of such ten (10) day period, then the obligation to pay attorney fees as contained in the Loan documents shall not be enforced.

---

[1] (Citation and punctuation omitted.) *Logistics Intl. v. RACO/Melaver, LLC*, 257 Ga. App. 879, 880 (1) (572 SE2d 388) (2002).

The letter also stated that SunTrust intended to conduct a nonjudicial foreclosure sale of the secured property, and it referenced and included a copy of a notice of the foreclosure sale. That notice stated that the proceeds of the foreclosure sale would "be applied to the payment of [Community Marketplace's] indebtedness, attorney fees (notice of intention to collect attorney fees having been given), and the lawful expenses of such sale, all as provided in the Note and the Security Deed."

1. Community Marketplace and the guarantors claim that they did not receive adequate notice under OCGA § 13-1-11 of SunTrust's intention to seek attorney fees if an attorney was used to collect the indebtedness. As a result, they argue, the trial court should have granted their motion for summary judgment. We disagree.

OCGA § 13-1-11 (a) provides that an obligation to pay attorney fees of up to 15 percent of the indebtedness shall be enforceable provided that the holder of the note provides the borrower with written notice

> that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, endorser, or party sought to be held on said obligation has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees.

Substantial compliance with the notice requirement of OCGA § 13-1-11 is all that is required to allow for the recovery of attorney fees, and "[s]o long as a debtor is informed that he has 10 days from receipt of notice within which to pay principal and interest without incurring any liability for attorney fees[,] the legislative intent behind the enactment of [OCGA § 13-1-11] has been fulfilled."[2]

Here, Community Marketplace and the guarantors claim that SunTrust failed to provide them with adequate notice because SunTrust's July 2, 2008 letter was not sufficiently clear as to its intention to seek attorney fees. Specifically, they point to language in the letter stating that SunTrust would have "the option of electing to enforce" the provisions regarding attorney fees. Both Community Marketplace and SunTrust cite to *Albany Production Credit Assn. v. Sizemore*,[3] in which this Court found that a notice was in substantial

---

[2] *Gen. Elec. Credit v. Brooks*, 242 Ga. 109, 118 (249 SE2d 596) (1978).

[3] 175 Ga. App. 826 (334 SE2d 872) (1985) (physical precedent only, but cited with approval for its consideration of whether creditor's notice constituted substantial compliance with OCGA § 13-1-11 (See *Dalcor Mgmt. v. Sewer Rooter*, 205 Ga. App. 681, 682 (2) (423 SE2d 419) (1992).). While Judge Beasley concurred specially in *Albany* to state that she found the use

compliance with OCGA § 13-1-11 even though it stated that the borrower "may be obligated to pay" attorney fees if it failed to pay its indebtedness within ten days.[4] This Court concluded that despite the use of the term "may" instead of "shall" or "will," the entirety of the notice, including the reference to OCGA § 13-1-11, made it clear that the creditor "was seeking to enforce its contractual rights to attorney fees."[5]

Here, the notice sent to Community Marketplace and the guarantors referenced OCGA § 13-1-11, provided notice that Sun-Trust intended to conduct a foreclosure sale, and stated that proceeds of the foreclosure sale would be applied to SunTrust's attorney fees as provided in the note and security deed. The notice also explicitly stated that Community Marketplace had ten days from its receipt of the notice within which to pay principal and interest without incurring any liability for attorney fees. As a result, the trial court did not err in determining that SunTrust gave sufficient notice of its intention to seek the attorney fees provided by the note and security deed if it used an attorney to collect the indebtedness. Given that Community Marketplace and the guarantors do not dispute that SunTrust did, in fact, hire an attorney to collect the indebtedness through foreclosure proceedings, the trial court did not err in denying the motion for summary judgment filed by Community Marketplace and the guarantors.

2. Community Marketplace and the guarantors also claim that even if the notice provided by SunTrust was sufficient under OCGA § 13-1-11, genuine issues of material fact existed as to the amount of attorney fees owed. Although Community Marketplace agreed in both the note and the security deed to pay attorney fees of 15 percent of the principal and interest owed at the time a default was collected, it claims that uncertainty regarding the amount of attorney fees was created by a statement in the security deed that SunTrust would apply the proceeds of a foreclosure sale to "reasonable attorneys' fees."

Even if we were to find that the reference to applying proceeds to "reasonable attorneys' fees" conflicted with the references to Community Marketplace's obligation to pay attorney fees of 15 percent of the principal and interest, "a limited or specific provision will prevail over one that is more broadly inclusive, [and] we find that the [specific] provision governs because it provides for a specific

---

of the term "may" instead of "shall" to be "troublesome[,]" she also found that because the notice "conveys the idea that the option is the creditor's and not the debtor's," the notice was sufficient under OCGA § 13-1-11. Id. at 828.

[4] Id. at 826-827.

[5] Id. at 827.

calculation of 15 percent."[6] Given that the agreement to pay attorney fees of 15 percent of the principal and interest was enforceable, the amount of attorney fees to be awarded "was only a matter of mathematical calculation, and the trial court did not err in granting summary judgment on the issue of attorney fees."[7]

*Judgment affirmed. Miller, C. J., and Phipps, J., concur.*

DECIDED APRIL 5, 2010.

*Jeffrey B. Talley*, for appellants.

*Husch, Blackwell & Sanders, Caroline B. Stefaniak, Timothy L. Mickel*, for appellee.

---

[6] (Citation omitted.) *Davenport v. Nance*, 194 Ga. App. 313, 314 (390 SE2d 281) (1990) (enforcing provision of note providing for attorney fees of 15 percent over provision providing for "reasonable" attorney fees).

[7] *Frame v. Booth, Wade & Campbell*, 238 Ga. App. 428, 432 (3) (519 SE2d 237) (1999).