### 12688. McLean v. Neal.

Stephens, J. 1. A contract whereby one leases to another certain premises for an agreed amount as rental for a certain period, and which contains a provision that the lessee has "the exclusive option, right or privilege of buying" the premises on or before a named date during

the term, at a stipulated price, upon certain terms and conditions, and which further provides as follows: "Credit to be allowed lessee from purchase-price of property ($4500) for any and all amounts as paid for rental, a further payment to be made to lessor of such amount as may be necessary in addition to rental previously paid as to make total cash payments received by lessor $1500, this payment to be made at time of delivery of approved deeds covering title to the property," the obligation of the lessee, when exercising his "option, right, or privilege of buying" the property, to make to the lessor the required payment in cash is not a condition precedent to the obligation of the lessor to make to the lessee "approved deeds covering title to the property," but the obligation of the lessee to make such payment and the obligation of the lessor to deliver such deeds are dependent covenants, to be simultaneously performed, and therefore, under the terms of the contract, it was not necessary for the lessee, in order to avail himself of his "option, right, or privilege" to buy, to tender to the lessor the required cash payment, but it was only necessary for the lessee, within the required time, to notify the lessor of his intention to avail himself of his right to buy and to offer to perform his obligation to make the necessary cash payment upon the lessor's making the necessary deed. A communication by the lessee to the lessor, notifying the latter of the lessee's intention to exercise the option to buy under the terms of the contract, operated as an acceptance of the lessor's offer to sell, and the lessee thereafter continued in possession under a contract of sale and not under a contract of rental.

2. The written acceptance by the lessee, availing himself of his "option, right, or privilege" given him in the contract by the lessor, amounted to an unconditional acceptance of the lessor's offer to sell. A statement therein by the lessee of his readiness to make the required cash payment "upon delivery of approved deeds and receipts showing that city, county and State tax have been paid" did not contain conditions placed by him upon his acceptance of the lessor's offer to sell, but can only apply as conditions attached to the payment of the lessee. Whether or not these conditions as to the cash payment are in accordance with the terms of the contract of sale is immaterial, since the lessor refused to carry out the contract of purchase, and the lessee was never called upon to perform his covenant to make payment.

3. The lessee, having availed himself of his option to purchase, and having offered to perform the covenants resting upon him under the contract, was thereafter in possession of the premises as one under a contract of purchase and not as a tenant, and could not be dispossessed after the expiration of the period originally designated as the period of tenancy as a tenant holding over.

4. In a summary proceeding by the lessor to dispossess the lessee as a tenant holding over beyond his term, a direction of a verdict for the plaintiff was improper, and it was error to overrule the defendant's motion for a new trial.   *Judgment reversed. Jenkins, P. J., concurs.*

DECIDED JULY 24, 1922.

Eviction; from Dougherty superior court — Judge R. C. Bell. June 28, 1921.

*H. A. Peacock, Pope & Bennet,* for plaintiff in error.
*R. H. Ferrell, Claude Payton,* contra.