JOLLY *v.* JONES *et al.*

JENKINS, Presiding Justice. 1. In order to support a suit by a purchaser for specific performance of a contract for the purchase and sale of land, it must be made to appear that before the institution of the action the purchaser had paid the purchase-money in accordance with the terms of the contract, or else had made an actual unconditional tender thereof, or that such a tender had been waived. *Terry* v. *Keim,* 122 *Ga.* 43 (49 S. E. 736); *Roberts* v. *Mayer,* 191 *Ga.* 588 (1) (13 S. E. 2d, 382).

2. While under the provisions of the Code, § 20-1105, the rule of the common law that an actual production of the money must be shown (see *McGehee* v. *Jones,* 10 *Ga.* 127, 132) has to that extent been relaxed—since if the tender is in money "the coin need not be actually presented, unless demanded"—nevertheless, there must be an actual, present bona fide *offer to pay;* and such requirement is not met by merely evidencing a willingness to pay, or by an offer or intention *to make a tender.* *Baldwin* v. *McLendon,* 164 *Ga.* 387 (138 S. E. 775); *Pope* v. *Thompson,* 157 *Ga.* 891 (2) (122 S. E. 604); *Payne* v. *Power,* 140 *Ga.* 759 (79 S. E. 771). Accordingly, irrespective of the merits of any of the other grounds of the demurrers to the petition, the plaintiff failed to allege the required tender of the specific amount of the purchase-money prior to the institution of the suit, since the allegation of a "tender" in general terms amounted to nothing more than a conclusion of the pleader, and this conclusion was in fact negatived by the specific

averments of the petition itself, wherein he alleged that "he tendered the purchase-price for said property, and the defendant P. B. Jones refused to execute to him a warranty deed; that he was able to comply with said contract, had made arrangements for the money."

*Judgment affirmed. All the Justices concur.*

No. 15637. NOVEMBER 13; 1946.

*Willis Smith,* for plaintiff.   *Boykin & Boykin,* and *J. W. Cole,* for defendants.