SHEPARD *v.* GETTYS.

No. 16895. JANUARY 13, 1950.

*E. L. Stephens,* for plaintiff in error.

*Nelson & Nelson,* contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) Counsel for the plaintiff in error contends that the general demurrer should have been sustained because there was no allegation of tender of any accrued interest. The third headnote of *Parke* v. *Foster,* 26 *Ga.* 465, is relied upon for support of this contention. It is there held that "A cash sale of property bears interest from date, although the day of payment be postponed until a particular event transpired." It is insisted that, since the contract in the instant case provided that the consideration shall be paid in cash, it was a cash sale, and the subsequent mutual agreement to postpone payment until the expiration of the timber lease was merely a postponement of payment "until a particular event transpired," thus bringing it under the rule stated in the *Parke* case.

While it is true that the present contract provides a consideration of $4500 in cash, the petitioner alleges that the con-

tract provided that this consideration must be paid "immediately upon the approval of the title to said lands by his attorney." Yet it is further alleged that the examination of the title disclosed an encumbrance of the title in the form of a timber lease, and the parties thereupon mutually agreed that at the expiration of the lease the purchase-price would be reduced in amount equal to the value of any timber that had been cut, and the petitioner would pay the remainder of the purchase-price at that time. In the absence of an express agreement, this purchase-money would not draw interest until it became due, and since, by mutual agreement, it was not due until the timber lease expired, and there being no agreement to pay interest before maturity, the full amount of purchase-money due was the principal of $4500.

Counsel for the plaintiff in error further relies upon the decision in *Lively* v. *Munday*, 201 *Ga.* 409 (40 S. E. 2d, 62, 173 A. L. R. 1295), wherein it was held that the purchasers were liable for interest on the purchase-price from the time they took possession. That decision does not hold that the mere act of taking possession created a liability for interest on the purchase-money. It is there pointed out that the contract made it a cash transaction, that the purchasers went immediately into possession; and it was held that these facts made the purchasers liable for interest because nothing was alleged to justify postponement of the maturity of the purchase-money.

It is also pointed out in that case that, although the contract allowed the purchasers a reasonable time to obtain a survey, yet the purchasers were not entitled to escape liability for interest upon that ground, "since they do not show that any time was desired or needed for that purpose." The opinion further states that the petitioners did not claim any delay whatever on account of the making of a survey. In the instant case, it is clearly alleged that by mutual consent the time for payment of the purchase-price was postponed until the timber lease expired.

While Code § 37-104 would require the petitioner to do equity by tendering the amount admittedly due in order to obtain the relief sought, the petitioner offered to do equity by paying the full amount of the purchase-price, but the defendant, as alleged

in the petition, repudiated the contract and declared his intentions not to carry out the contract. This was a waiver of tender, and under the law relieved the petitioner of any obligation to tender. *Black* v. *Milner Hotels,* 194 *Ga.* 828, 832 (22 S. E. 2d, 780).

From what has been said above, it must be held that the petition was not subject to the demurrer upon the ground that the petitioner failed to tender interest on the purchase-money. The special demurrer has not been argued and is therefore abandoned. No ruling is made on the exception to the judgment overruling it.

*Judgment affirmed. All the Justices concur.*