21900. SMITH v. BANK OF ACWORTH et al.

SUBMITTED JANUARY 15, 1963—DECIDED FEBRUARY 11, 1963.

*W. P. Holley,* for plaintiff in error.

*Edwards, Bentley, Awtrey & Bartlett, Fred E. Bartlett, Wm. A. Ingram,* contra.

ALMAND, Justice. The bill of exceptions assigns error on the sustaining of a general demurrer to a petition seeking specific

performance of a contract to purchase real estate and injunctive relief.

The petition of J. P. Smith, Jr., against the Bank of Acworth and Mrs. J. P. Smith in substance alleged: That in November of 1955, he entered into negotiations with the defendant bank, through its agents, servants and employees, for the purchase of a certain tract of land and a building erected thereon. That the defendant bank agreed to sell the property in question at an agreed price of $12,800, and that it was further agreed that the plaintiff would pay to the defendant bank the sum of $800 cash and a monthly rental of $100, commencing June 1, 1956, due and payable in equal monthly installments thereafter, for a total amount of $12,000, upon payment of which fee simple title would be conveyed to the plaintiff. That all negotiations for the sale and purchase of the property were by parol agreement, but that all deferred payments were to be evidenced by a monthly re-payment note in the amount of $12,000, bearing interest at the rate of two percent (2%) per annum.

The plaintiff further alleged that after he had agreed with the defendant bank for the sale and purchase of the subject prop-erty, the defendant bank refused to accept the plaintiff as maker of the promissory note but agreed to accept his wife's execution of the promissory note so as to consummate the sale in accord-ance with the oral agreement. That on November 27, 1955, a contract was prepared by the defendant bank, together with a promissory note, both of which were executed by defendant Smith in the presence of the plaintiff. That at the time of the execution of the contract and note petitioner paid the sum of $800 to the defendant bank and thereafter made monthly pay-ments in accordance with the deferred payment agreement until approximately February 2, 1961. That divorce proceedings against him were brought before the Superior Court of Cobb County, Georgia, on August 22, 1960, which proceedings were finally terminated on December 5, 1960, by a final judgment and decree which made no provisions for the equitable interest in the building and property which are the subject matter of the litigation. That during the pendency of the suit for divorce, petitioner demanded of the defendant bank a transfer of all con-

tracts and negotiable instruments which were the subject matter of this litigation to the name of petitioner, which demand was refused by the defendant bank; and that subsequently thereto the defendant bank caused to be served upon the plaintiff a dispossessory warrant, which was finally terminated in favor of the petitioner in the instant proceedings.

Plaintiff's petition further alleged that on or about July 12, 1961, petitioner went to the defendant bank and *tendered in cash* currency of the United States of America, to E. H. Harrison, cashier of the bank, the sum of $7,752.09, principal, and all interest due and payable on that day, *in exchange for fee simple title to said property*, which tender and conveyance were refused by said defendant bank. That subsequently thereto the defendant bank instituted proceedings against defendant Smith for the sum of $7,752.09, plus interest, which suit is sought to be enjoined by these proceedings, and that the defendant bank also instituted and caused to be executed an affidavit and bond for attachment for the same land and building. That the defendant bank should be required to convey the land and building the subject matter of this suit to the petitioner in fee simple, *upon payment by the petitioner of all sums legally due.*

The prayers of the petition were that (a) the defendant bank be enjoined from furthering its suit against the defendant, Mrs. J. P. Smith; (b) that the defendant, Mrs. J. P. Smith, be enjoined from encumbering or otherwise disposing of the subject property; (c) that plaintiff be awarded title to the property; and (d) "that the court in its deliberation determine and calculate the exact sum of money due and payable to defendant bank as principal and interest upon conveyance of title to your petitioner in fee simple."

Though a tender of money in payment of a debt may be equivalent to performance, the tender must be certain and unconditional. *Code* § 20-1105. In *Irvin v. Locke*, 200 Ga. 675 (38 SE2d 289) and *Heath v. Miller*, 205 Ga. 702 (54 SE2d 432) a tender of the amount due under a bond for title with the condition that the obligor make a deed in accordance with the bond was held to be not a good and unconditional tender. In *Jolly v. Jones*, 201 Ga. 532 (40 SE2d 558) it was held that the allega-

tions of the plaintiff's petition that "he tendered the purchase price for said property and the defendant P. B. Jones refused to execute to him a warranty deed," were insufficient to allege a tender as against a general demurrer. Allegations in a petition for specific performance that the plaintiff is "now ready, able and willing to tender" the balance due on the contract upon the defendant executing to him a warranty deed in accordance with the provisions of said sales contract, was insufficient to show an unconditional tender. See *Coleman v. Hunsucker*, 214 Ga. 351 (104 SE2d 910).

In our statement above of the facts alleged in the plaintiff's petition, we have underscored all the allegations as to tender. In light of the authorities cited above, they are insufficient to show a good and unconditional tender.

Irrespective of the merits of any of the other grounds of demurrer to the petition, the plaintiff failed to allege a valid tender and it was not error to sustain the general demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur.*