### 22446.   McLOON v. McLOON et al.

SUBMITTED APRIL 14, 1964—DECIDED MAY 7, 1964.

*Barrie L. Jones, Sumner & Boatright,* for plaintiff in error.
*Gordon Knox, Jr.,* contra.

MOBLEY, Justice.   ■   The petition alleges that on October 16, 1958, the defendant, Tot McLoon, executed and delivered an option to W. E. and Edith McLoon (the said W. E. McLoon hereinafter referred to as plaintiff) to purchase a described tract

of land for $3,018 within two years from date of execution; that on October 10, 1960, plaintiff and defendant orally agreed that the option would be extended for an additional two years from expiration of the original option, or to October 16, 1962, and agreed that Mrs. C. W. White would prepare the extension agreement; that the scrivener in preparing the agreement through inadvertence erroneously and unknown to both parties stated the purchase price as $3,081 rather than $3,018 as they had agreed, and stated the expiration date of the option as October 1, 1962, when the date agreed upon was October 16, 1962, or two years from date of the expiration of the original option and that the option is, by mutual mistake, contrary to the intention of both parties. "A petition for reformation of a written contract will lie where by mistake of the scrivener and by oversight of the parties, the writing does not embody or fully express the real contract of the parties." *Williams v. Hudgens*, 217 Ga. 706, 710 (3) (124 SE2d 746) and cases cited. See also *Code* §§ 37-205, 37-207, 37-208, 37-215. Obviously, the petition meets the stated requirements for reformation of the option.

However, defendant contends an action for specific performance is not alleged because of failure to allege an unconditional tender of the amount due under the option. See *Jolly v. Jones*, 201 Ga. 532 (2) (40 SE2d 558), and cases cited as to the requirements of tender. Also see *Cummings v. Johnson*, 218 Ga. 559 (6) (129 SE2d 762). As to tender, the petition alleged: "On October 13, 1962, the plaintiffs tendered to said defendant the sum of $3,018 in cash for the purchase price of said tract of land in accordance with the agreement made between plaintiffs and said defendant, and at said time also tendered to defendant a warranty deed conveying said property to plaintiffs by defendant in accordance with the agreement between the parties. That at said time said defendant refused to accept the $3,018 cash tendered to him and refused to execute said warranty deed." The allegations that "on October 13, 1962, plaintiffs tendered to said defendant the sum of $3,018 in cash for the purchase price of said tract of land in accordance with the agreement made between plaintiffs and said defendant" plainly and unequivocally allege an unconditional tender of $3,018 in cash, the amount

20

allegedly due. The further allegation that at the same time he tendered a warranty deed does not make the tender conditional. The cases of *Jolly v. Jones*, 201 Ga. 532 (2), supra, and *Smith v. Bank of Acworth*, 218 Ga. 643 (129 SE2d 857), relied upon by the defendant, are distinguishable on their facts. In *Jolly* the plaintiff alleged a tender in general terms but "the specific averments" negatived the conclusion. In *Smith v. Bank of Acworth* the petition alleged that the plaintiff tendered a sum of money "in exchange for fee simple title to the property."

The court properly overruled the general demurrer to the petition.

■ Defendant contends that the evidence demanded a finding that the plaintiff did not make an unconditional tender of the amount due under the contract and that there was inadequacy of consideration and that the court erred in denying a judgment n.o.v.

■ "Before equity will decree specific performance of a contract for the sale of land, there must be an absolute and unconditional tender of the purchase-price. An offer to pay the purchase-price on delivery of a properly executed deed is not an unconditional tender." *Cummings v. Johnson*, 218 Ga. 559 (6), supra; *Terry v. Keim*, 122 Ga. 43 (49 SE 736); *Henderson v. Willis*, 160 Ga. 638 (128 SE 807); *Jolly v. Jones*, 201 Ga. 532, supra; *Heath v. Miller*, 205 Ga. 699 (54 SE2d 432); *Morgan v. Mitchell*, 209 Ga. 348 (72 SE2d 310). While recognizing that well settled principle of law, it is equally well established that "where the vendor by his declaration or conduct proclaims that if a tender should be made its acceptance would be refused, tender by the vendee before suit is unnecessary. Equity will not require a useless formality." *Miller v. Watson*, 139 Ga. 29 (2), 32 (76 SE 585). See also *Ansley v. Hightower*, 120 Ga. 719 (4) (48 SE 197), and cases cited; *Irvin v. Locke*, 200 Ga. 675 (38 SE2d 289); *Lively v. Munday*, 201 Ga. 409 (3) (40 SE2d 62, 173 ALR 1295). Plaintiff testified that in August (before the option expired in October) he started conversations with defendant about renewing the option, but defendant kept putting him off although indicating that "he would if he could get time," and that after he saw defendant was not going to renew it,

when "he told me he thought the option was up, that he wouldn't renew it . . . so I went ahead and got the amount of money what the option required and carried it out there." He further testified that he, his wife, Bill King and Kenneth Martin went out to defendant's house on October 13 and that "I told him, I said Tot, I've brought your money for the option"; that he had the $3,018 in cash with him, that they kept discussing about the option, that "Tot said it was out of date, and Mr. King offered the money to Tot twice, and he said there weren't enough law in the State of Georgia to make him accept that offer." There was testimony that the money was carried out to defendant's home to be turned over to him only if he delivered the option. However, the evidence would support a finding that defendant told the plaintiff that the option was up and he would not renew it, and that he then at a later date refused to accept the money on the ground that the option had previously expired. Thus it is clear that the jury was authorized to find that by his declaration and conduct defendant proclaimed to plaintiff that he would not accept the offer if made, thus excusing tender.

██ "Mere inadequacy of price . . . may justify a court in refusing to decree a specific performance; so also any other fact showing the contract to be unfair, or unjust, or against good conscience." *Code* § 37-805. "But a court of equity should not deny a decree of specific performance merely upon the ground of inadequacy of consideration, unless there is such a gross disparity as to shock the moral conscience and to amount in itself to evidence of fraud, the adequacy of consideration being generally a matter to be determined by the parties for themselves." *Whitehead v. Dillard,* 178 Ga. 714, 717 (174 SE 244). See in this connection, *Arnold v. Trice,* 39 Ga. 511; *Shirk v. Loftis Bros. & Co.,* 148 Ga. 500 (2) (97 SE 66).

The evidence did not demand a finding in this case that the consideration was so inadequate as to shock the conscience and to amount in itself to evidence of fraud, such as would demand that a court of equity not enforce the contract. See *Shirk v. Loftis Bros. & Co.,* 148 Ga. 500 (2a), supra. The petition alleged that the consideration of this option of $3,018 is a fair and equitable price for the land, and the plaintiff testified that the

property was worth $7,000 in October, 1962. However, the evidence of the defendant was, and this is undisputed, that the fair market value of the property in 1956, at the time he acquired a warranty deed from plaintiff, was $3,000. The plaintiff owed about this amount on the property, and was about to lose it, so defendant paid off the debt, took a warranty deed from him and gave him an option to buy it back in two years at $3,018. In 1958, defendant refused to renew the option. Plaintiff then made arrangements with his brother-in-law to buy the property from the defendant, sell it, take out the amount he had in it, and give him the difference. But defendant, stating that he wanted the property to stay in the family, persuaded plaintiff's brother-in-law to transfer the property back to him with the understanding and agreement that he would give plaintiff an option to repurchase it in two years, which was done. When that option expired, the option under consideration was given, expiring October 1, 1962. Under these circumstances we cannot say that it would be unconscionable to require defendant to perform his contract.

■ There is no merit in the motion for new trial, which was based solely on the general grounds. There was evidence to support the jury's verdict.

*Judgment affirmed. All the Justices concur.*