## 76310. THIRD CENTURY, INC. v. MORGAN.
### (371 SE2d 262)

BENHAM, Judge.

Third Century, Inc., bases this interlocutory appeal from the denial of its motion for summary judgment on three grounds: (1) failure to grant summary judgment to appellant as to a claim brought against it by appellee R. L. Morgan; (2) failure to grant appellant summary judgment on its counterclaim against appellee; and (3) failure to grant summary judgment based on appellee's failure to file responses to appellant's motion for summary judgment.

This dispute arose over a lease agreement for computer equipment and software. The facts viewed in a light most favorable to the party opposing the motion for summary judgment (*Holland v. Sanfax Corp.*, 106 Ga. App. 1, 5 (126 SE2d 442) (1962)), show as follows: In August 1985, Mrs. Stewart, an employee at appellee's business, was contacted by a representative of Computer Command, Inc., about the purchase of a computer for use in appellee's automotive parts business. Stewart and Computer Command agreed on the purchase of a Kaypro 16 computer, an Okiadata 91 printer, and Super X software. They further agreed that the arrangements for financing would be under a lease with option to buy agreement with Third Century, Inc., which would buy the hardware and software from Computer Command and lease them to appellee. The lease agreement provided for

appellee to make an initial payment of $304.68 and 36 equal installments of $158.43. Shortly after appellee accepted delivery of the hardware and software and began operation thereof, appellee complained to Computer Command that the Software was not performing as anticipated. The evidence is unrefuted that the hardware functioned properly, and that if there was a failure in the performance, it was in the Super X software only. The maker of the Super X software went bankrupt, and Computer Command made arrangements for students at a local vocational-technical school to make modifications of the software to perform the functions appellee desired. Appellee paid Computer Command additional amounts totaling $400 for modifications of the software, which modifications were not successful, and appellee was unable to use the software as had been expected. Appellee then brought this suit against Computer Command and Third Century. In addition to its answer, Third Century filed a counterclaim for the amount outstanding on the lease agreement and costs, including attorney fees. Appellant's motions for summary judgment as to its counterclaim and appellee's initial claim were denied, and this interlocutory appeal followed.

1. Appellant contends that the trial court erred in denying its motion for summary judgment as to appellee's claim. We agree. In his claim, appellee contends that he was damaged due to the failure of the equipment to operate as expected. Resolution of this first enumeration of error is determined by the contract itself which provides, inter alia, as follows: "WARRANTIES: Lessor will request supplier to authorize Lessee to enforce in its own name all warranties, agreements or representations, if any, which may be made by the supplier to Lessee or Lessor, but Lessor itself makes no express or implied warranties as to any matter whatsoever, including, without limitation, the design or condition of the equipment, its merchantability or its fitness for any particular purpose, its quality, capacity or workmanship, patent infringements or latent defects, or compliance of the equipment with the requirements of any law, regulation, specification or contract relating thereto. Lessee understands and agrees that neither the supplier nor any salesman or other agent of the supplier is an agent of Lessor. No salesman or agent of the supplier is authorized to waive or alter any term or condition of this Lease, and no representation as to the equipment or any other matter by the supplier, shall relieve Lessee of the obligation to pay rent or any other obligation under this Lease."

In the absence of fraud, if the parties properly execute a contract that contains a provision that disclaims all warranties, expressed and implied, and the contract goods are delivered and received, the supplier is entitled to summary judgment on a claim brought against it which alleges a failure of consideration. *United States Leasing Corp.*

*v. Jones Pharmacy*, 144 Ga. App. 26 (240 SE2d 300) (1977). Such is the case here. Since appellant, through the use of disclaimers, relieved itself of responsibility to appellee, and appellee contractually agreed to these disclaimers, appellant was entitled to summary judgment as to appellee's claim, and the trial court erred in not granting summary judgment.

2. Appellant contends it was entitled to summary judgment on its counterclaim for the balance due on the lease agreement, as well as interest and attorney fees. The lease agreement provided that interest "at the highest legal contract rate" would be imposed upon delinquent rental payments from the due date until payment and that the lease would be responsible for "reasonable attorneys' fees and court costs" should the lessor employ an attorney to enforce any of the terms of the lease agreement. The lease agreement further provided that: "If (a) Lessee shall default in the payment of rent or in making any other payment hereunder when due . . . or (c) Lessee shall default in the performance of any other covenant herein and such default shall continue for 5 days after written notice thereof to Lessee by Lessor . . . then, if and to the extent permitted by applicable law, Lessor shall have the right to exercise any one or more of the following remedies: (1) to declare the entire amount of unpaid total rent for the balance of the term of this Lease immediately due and payable. . . ."

The parties entered into the lease agreement in August 1985 and appellee made the monthly payments through October 1986, leaving an outstanding balance of $3,327.03. Unless the lease is a "disguised secured transaction," (*Mejia v. C & S Bank*, 175 Ga. App. 80, 81 (332 SE2d 170) (1985)), thus bringing the provisions of Article 9 of the Uniform Commercial Code into play, the parties' conduct is governed by the terms of the lease. *Citicorp Industrial Credit v. Rountree*, 185 Ga. App. 417, 420 (364 SE2d 65) (1987).

While the lease agreement contains several provisions evidencing a security agreement (see, e.g., *Mejia*, supra) as well as an option to purchase the equipment upon the completion of the lease's 3-year term (see OCGA § 11-1-201 (37) (a)), "it is commonly held that 'the best test' for determining the intent of an agreement which provides for an option to buy, 'is a comparison of the option price with the market value of the equipment at the time the option is to be exercised. Such a comparison shows whether the lessee is paying actual value acquiring the property at a substantially lower price.' [Cit.] . . . [I]f, upon compliance with the terms of the 'lease,' the lessee has an option to become the owner of the property for no additional or for a nominal consideration, the lease is deemed to be intended for security. See OCGA § 11-1-201 (37). In the instant case, the option purchase price was the [fair market value of the equipment] at the

end of the term of the lease. Any determination of whether 'consideration' is 'nominal' must be made on a case by case basis and is, at best, difficult. However, we find that in the present case, the terms of the lease required payment of more than a 'nominal' price to exercise the option to purchase the [equipment], thus indicating that the agreement was a true lease. [Cit.]" *Mejia v. C & S Bank*, supra at 82. Since the parties' agreement was a lease agreement and not intended to evince a secured transaction, the lease provisions governed the rights of the parties (*Citicorp v. Rountree*, supra), and appellant had the right to accelerate the balance due on the lease upon appellee's default. The undisputed evidence presented to the trial court was that the balance due on the lease was $3,327.03. The trial court should have granted summary judgment to appellant in that amount. See *Mejia v. C & S Bank*, supra.

On appeal, appellant seeks return of the equipment as well as the lease's outstanding balance. While the lease contemplates such a remedy, appellant sought no such relief in any pleading. Therefore, it was not error to deny appellant possession of the equipment.

3. In order to collect attorney fees upon a note or other evidence of indebtedness, a creditor must comply with the notice requirements of OCGA § 13-1-11 (a) (3). "Notice shall (1) be in writing, (2) to the party sought to be held on the obligation, (3) after maturity, (4) [stating] that the provisions relative to payment of attorney fees in addition to principal and interest will be enforced, and (5) [stating] that the party has 10 days from the receipt of such notice to pay the principal and interest without the attorney fees." *General Elec. Credit Corp. v. Brooks*, 242 Ga. 109, 119 (249 SE2d 596) (1978). A creditor may comply with the notice requirements of OCGA § 13-1-11 (a) (3) by attaching a copy of the note or evidence of indebtedness to the pleading. See *Carlos v. Murphy Warehouse Co.*, 166 Ga. App. 406, 408 (304 SE2d 439) (1983). Although appellant attached a copy of the lease agreement to its counterclaim, its prayer for judgment sought "reasonable attorney fees in accordance with said lease agreement and the cost of this action." The notice fails to inform the debtor that it has 10 days from receipt of the notice within which to pay principal and interest without incurring liability for attorney fees. In light of this deficiency, the trial court did not err in denying appellant attorney fees. *Clark v. Gen. Motors Acceptance Corp.*, 185 Ga. App. 130 (1) (363 SE2d 813) (1987).

4. Appellant contends it is also entitled to summary judgment due to appellee's failure to adequately respond to the motion for summary judgment. "The opposing party in a summary judgment proceeding is under no duty to present counter evidence in opposition to the motion for summary judgment until the moving party has produced evidence demanding judgment. [Cit.]" *Peoples Bank &c. v.*

*Austin*, 159 Ga. App. 223 (2) (283 SE2d 81) (1981). This enumeration is without merit.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Pope, J., concur.*

DECIDED JULY 6, 1988.

*Terry A. Dillard, Joseph E. East*, for appellant.
*Douglas L. Gibson*, for appellee.