A95A0703. BURNS et al. v. REVES.
(457 SE2d 178)

BLACKBURN, Judge.

Appellants/defendants, Randy and Loma Burns, appeal orders of the trial court granting appellee/plaintiff, Betty Reves' motion for summary judgment in the underlying dispossessory action against the Burnses as tenants holding over, denying their motion for summary judgment as to their counterclaim for breach of purchase option, and denying their motion to dismiss the dispossessory action.

The record reflects that the Burnses leased certain premises located in Bartow County for a term which commenced "on December 1990" and continued "until December 1993," providing them an option to purchase the property during such time period. On Memorial Day 1993, Reves notified the Burnses that the lease would not be renewed and that they would have to move. In November 1993, Reves entered into a contract to sell the property to third parties. Thereafter, the Burnses notified Reves that they desired to exercise their op-

tion to purchase the property. On January 6, 1994, Reves gave the Burnses further notice by letter that the lease had expired and demanded that possession of the property be relinquished within 30 days.

The Burnses remained in possession of the premises and, in March 1994, Reves filed the instant action in the Bartow County Magistrate's Court. The suit was transferred to the trial court upon the Burnses' demand for jury trial.

1. The Burnses enumerate that the trial court erred in granting Reves' motion for summary judgment as to breach of their option to purchase.

"In an option contract, it is necessary, in order to establish a breach on the part of the seller, that the purchaser tender the purchase price and request conveyance of the land to him, and that the seller fail to comply. [Cit.]" *Carpenter v. Parsons*, 186 Ga. App. 3, 4 (366 SE2d 367) (1988). Further, " '[b]efore equity will decree specific performance of a contract for the sale of land, there must be an absolute and unconditional tender of the purchase-price. An offer to pay the purchase-price on delivery of a properly executed deed is not an unconditional tender. [Cits.]' " *McLoon v. McLoon*, 220 Ga. 18, 20 (136 SE2d 740) (1964).

The Burnses contend that the lease-option in the instant circumstances continued to December 31, 1993 and that their tender under the option was excused because Reves entered into a contract to sell the property to third parties in November 1993. Pretermitting these issues, however, the Burnses have only established that they notified Reves of an intention to purchase the property when their loan was secured. A date for closing the purchase of the property was never set, and purchase monies were not secured within the option period. While the law does not require actual tender as a condition precedent to entitlement to specific performance where rejection is deemed likely, id., we conclude that mere notice of intent to exercise an option to purchase real estate conditioned on obtaining necessary financing, as here, is insufficient to constitute the exercise of an option to purchase. The option to purchase under the contract was thus lost as not exercised. Moreover, even had the option to purchase been satisfactorily exercised in December 1993, it would nonetheless have been ineffective as beyond the term of the contract. In this regard, we conclude, as did the trial court, that the words "until December 1993," are susceptible to the single construction that the contract was terminated at midnight, November 30, 1993.[1] "It is not the province

---

[1] The only arguable ambiguity as to the expiration date of the contract arises out of the conduct of the parties after December 1. Specifically, Reves accepted the Burnses' tender of December's rent and, in having her bank return the Burnses' check attempting to pay rent

of the jury to construe unambiguous contracts. [Cit.]" *Allstate Ins. Co. v. Brannon*, 214 Ga. App. 300, 301 (447 SE2d 666) (1994). Neither are we authorized to "make an unambiguous contract ambiguous by the introduction of parol evidence." *Houston v. Jefferson Standard Life Ins. Co.*, 119 Ga. App. 729, 732 (168 SE2d 843) (1969). Accordingly, the trial court's grant of the motion for summary judgment was proper. *Castellana v. Conyers Toyota*, 200 Ga. App. 161, 165 (407 SE2d 64) (1991). ("The construction of a contract is a matter of law for the court . . . , peculiarly well suited for adjudication by summary judgment.")

2. The Burnses further enumerate that the trial court erred by granting Reves' motion for summary judgment as to her claim against them for holding over. In particular, the Burnses argue that Reves' dispossessory action was flawed for failure to give timely notice of the termination of the tenancy or to make timely demand for possession.

OCGA § 44-7-7 requires that the landlord give 60 days' notice of termination. In the instant circumstances, the contract expired on November 30, 1993, as above. On Memorial Day 1993, Reves told the Burnses that she would sell the house after they advised her of their inability to buy it. Shortly thereafter, Reves employed a realtor who placed a For Sale sign in the yard of the property. On these facts, we are satisfied that notice to quit was satisfactorily given the Burnses. It is sufficient if such notice gets to the tenant. *Godfrey v. Walker*, 42 Ga. 562, 570 (2) (1871).

Further, by the terms of the contract, the Burnses' status in the premises was reduced to that of hold-overs in a month-to-month tenancy after December 1, 1993. Since the Burnses were in a hold-over status when Reves demanded possession of the property by her letter, dated January 6, 1994, we conclude that the said demand was timely made under OCGA § 44-7-50 (owner's demand for possession proper where, among other things, tenant holds over beyond term for which premises rented). Accordingly, we deem this enumeration of error to be without merit.

3. In view of our disposition of Divisions 1 and 2, we do not reach appellants' remaining enumerations of error.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

---

for January 1994, the bank annotated the check "rental check for January rejected — lease is up Dec. 31, 1993 — not renewed." In this regard, it is uncontroverted in the record that Reves instructed her bank to return such check, simply advising it that she believed the Burnses were to be out of the premises by December 31, and a landlord's acceptance of rent after a dispossessory action has been instituted and before trial is not inconsistent with his demand for possession. *Williams v. Clayton Park Mobile Home Court*, 166 Ga. App. 359, 360 (304 SE2d 483) (1983).

DECIDED MARCH 10, 1995 —
RECONSIDERATION DENIED APRIL 25, 1995 — 

*McClain & Merritt, Albert J. Decusati,* for appellants.
*James F. Nowland,* for appellee.