## A00A1858. BRIDGES v. MANN et al.
(544 SE2d 755)

BLACKBURN, Chief Judge.

In this contract dispute over payment for landscaping services, plaintiff Harold Bridges appeals the trial court's grant of partial summary judgment to defendants John Mann, individually and d/b/a J. B. M. Construction, and Martha Denise Hair and Willard Hair, Jr.,

---

[21] Id.

individually and d/b/a Willard Hair Center. Bridges contends that the trial court erred by: (1) granting the defendants' motion to open default pursuant to OCGA § 9-11-55 (b) and (2) finding that his complaint against the defendants was barred by the doctrine of accord and satisfaction. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewed in this light, the record shows that the Hairs hired J. B. M. Construction to improve real property owned by them. J. B. M., in turn, subcontracted with Bridges to landscape the property for $8,360. This contract required acceptance of the work by the owner of the property and the architect supervising the work prior to final payment. Defendants made a down payment at the inception of the contract.

After Bridges landscaped the property, a Clayton County inspector found that the landscaping work did not comply with the county's code. Bridges and the defendants then disagreed about Bridges' obligation to bring the property up to code. Bridges argued that his work was completed and that full payment was due, and the defendants contended the opposite. Following this disagreement, the defendants paid another landscaper $2,000 to bring the property into compliance with the Clayton County code.

On July 15, 1998, Bridges filed a materialman's lien against the defendants' property, and, the following day he filed a complaint requesting reimbursement under the contract for $7,210 as well as the imposition of a special lien against the defendants' property. Unaware of the lawsuit, Mann sent a letter to Bridges on July 20, 1998, describing their inability to reach an agreement to finish the landscaping work. Mann informed Bridges that he was going to hire another landscaper to finish the work and that the cost of this landscaper would be deducted from the balance he owed to Bridges. Then, on July 24, 1998, Mann sent Bridges a second letter stating that he was enclosing a check "for the balance of [his] contract." The enclosed check for $5,310 was labeled "final payment."

After learning about the lawsuit, Mann called Bridges' office and

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

discussed the matter with an unidentified woman he thought was Bridges' wife. Mann asked this woman to tell Bridges to cash the check he had conveyed if the amount was satisfactory in order to settle their dispute. Bridges deposited the check shortly after the date of this phone call. On August 10, 1998, thinking that the matter had been concluded, Mann sent a letter to the trial court asking that the materialman's lien be removed.

The defendants next received a notice of calendar call on February 16, 1999, and filed an answer to Bridges' suit, which was still pending, on February 19, 1999. On May 14, 1999, the trial court, on Bridges' motion, entered a default judgment against the defendants for failure to timely answer Bridges' complaint. On August 23, 1999, the defendants filed a motion to open the default, which the trial court granted. The defendants then moved for partial summary judgment, contending that Bridges' claim against them for compensation under the landscaping contract was governed by the doctrine of accord and satisfaction. The trial court granted this motion.

1. Bridges appeals the trial court's order opening default, specifically arguing that the defendants did not show that their failure to answer his complaint was due to excusable neglect. We disagree.

> Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. The question of whether to open a default on one of the three grounds noted above rests within the discretion of the trial judge.

*K-Mart Corp. v. Hackett.*[2]

The trial court did not abuse its discretion in finding that one of the grounds for opening default, excusable neglect, was present in this case. "Excusable neglect has been defined as referring to where there is a reasonable excuse for failing to answer." (Punctuation and emphasis omitted.) *Spikes v. Holloway.*[3] In this case, the undisputed evidence shows that Mann sent Bridges a check for "final payment" under the contract, that Bridges accepted and deposited this check, and that Mann, on behalf of the defendants, forwarded proof of payment to the trial court with a request to remove the materialman's lien. Afterward, the defendants reasonably believed they had settled

---

[2] *K-Mart Corp. v. Hackett*, 237 Ga. App. 127, 128 (1) (514 SE2d 884) (1999).
[3] *Spikes v. Holloway*, 212 Ga. App. 653, 655 (442 SE2d 471) (1994).

their case with Bridges and that no further action on their parts was necessary. Under these circumstances, we cannot say that the trial court abused its discretion in opening default.

The trial court also properly found that the four conditions necessary for opening default were present in this case. The defendants (1) made a showing made under oath, (2) offered to plead instanter, (3) made an announcement of ready to proceed with trial, and (4) set up a meritorious defense (see discussion below).

2. Bridges appeals the trial court's grant of partial summary judgment to the defendants, contending that his acceptance of the payment sent by Mann did not constitute accord and satisfaction. Again, we disagree.

OCGA § 13-4-103 (b) provides:

> Acceptance by a creditor of a check, draft, or money order marked "payment in full" or with language of equivalent condition, in an amount less than the total indebtedness, shall not constitute an accord and satisfaction unless: (1) A bona fide dispute or controversy exists as to the amount due; or (2) Such payment is made pursuant to an independent agreement between the creditor and debtor that such payment shall satisfy the debt.

In this case, the defendants, through Mann, mailed letters to Bridges detailing the dispute between them, indicating that they were tendering an amount less than the total indebtedness set forth under the contract, and stating that an enclosed check, marked "final payment," constituted remuneration for "the balance of the contract." Bridges accepted this payment without condition. As such,

> [Bridges'] acceptance and deposit of the check made upon condition carried with it the acceptance of the condition, and thus worked an accord and satisfaction. The circumstances of [Bridges'] endorsement and deposit of the check did not create an issue of fact as to whether there was an understanding that the payment represented full payment of the debt.

(Citation omitted.) *Wood Bros. Constr. Co. v. Simons-Eastern Co.*[4]
*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

---

[4] *Wood Bros. Constr. Co. v. Simons-Eastern Co.*, 193 Ga. App. 874, 876 (2) (389 SE2d 382) (1989).

DECIDED JANUARY 30, 2001.

*Graylin C. Ward*, for appellant.

*Jay, Sherrell, Smith & Braddy, Robert E. Sherrell*, for appellees.