**CASCADE CROSSING II, LLC, Plaintiff,**

v.

**RADIOSHACK CORPORATION, f/k/a Tandy Corporation, Defendant.**

**No. 1:01–CV–3084–GET.**

United States District Court,
N.D. Georgia,
Atlanta Division.

May 23, 2006.

David L. Pardue, Kirsten L. Gregory, Samuel Robinson Arden, Jill Rhodes Johnson, Hartman Simons Spielman & Wood, Atlanta, GA, for Plaintiff.

Bruce Allen Taylor, Jr., Burke Anthony Noble, Drew Eckl & Farnham, Atlanta, GA, for Defendant.

## ORDER

TIDWELL, District Judge.

The above-styled matter is presently before the court on remand from the Eleventh Circuit Court of Appeals.

On August 12, 2005, following a hearing, the court issued an order granting plaintiff's motion for an award of attorney's fees and amended motion for an award of attorney's fees in the amount of $263,467.83 in fees and $19,456.70 in costs for a total of $282,924.53. In so doing, the court found inapplicable the limits contained in O.C.G.A. § 13–1–11. Judgment was entered against defendant on August 23, 2005.

On October 19, 2005, the court issued an order denying defendant's motion for re-consideration and granting defendant's motion for a stay of enforcement.

Defendant filed a Notice of Appeal on November 10, 2005. The Eleventh Circuit Court of Appeals vacated the judgment and remanded to this court "with directions that the court state with specificity why O.C.G.A. § 13–1–11 should not apply to this case and support its ruling with appropriate legal authority, if any."

Georgia law provides that "obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable, and collectible as a part of such debt...." O.C.G.A. § 13–1–11(a). This statute, however, caps such attorney fee awards at "fifteen percent of the principal and interest owing" thereon. O.C.G.A. 13–1–11(a)(1). Alternatively, if the attorney's fees provision does not provide for a specific percentage of the debt to be paid as attorney's fees, the provision is construed to mean fifteen percent of the first $500.00 and ten percent of the amounts above $500.00. O.C.G.A. § 13–1–11(a)(2).

■ Commercial leases can be "evidence of indebtedness" and courts have held that the cap applies where a landlord seeks attorney's fees from a tenant when recovering past due rent from a tenant in default. *See e.g. Logistics Int'l, Inc. v. Raco/Melaver, LLC,* 257 Ga.App. 879, 881–882, 572 S.E.2d 388 (2002); *Georgia Color Farms, Inc. v. K.K.L. Ltd. Partnership,* 234 Ga.App. 849, 852, 507 S.E.2d 817 (1998) (applying O.C.G.A. § 13–1–11 and awarding attorney's fees to landlord in action to recover past due rent); *Derbyshire v. United Builders Supplies, Inc.,* 194 Ga. App. 840, 845, 392 S.E.2d 37 (1990).

■ The instant case, however, was not merely an action to recover past due rent. Rather, plaintiff sought a declaration as to

the enforceability of the Exclusivity Provision in Section 26 of the lease with respect to Cingular Wireless at any time during the lease term. Defendant was found to have waived the enforceability of the exclusivity clause as to Cingular. Had defendant been able to invoke the exclusivity clause, it could have terminated the lease at any time and/or paid reduced rent up through 2011. Therefore, this action is more akin to *Ins, Indus. Consultants, Inc. v. Essex Invs., Inc.*, 249 Ga.App. 837, 549 S.E.2d 788 (2001), in which a landlord sought to determine the parties' rights under a lease. *See Essex*, 249 Ga.App. at 844, 549 S.E.2d 788 (noting O.C.G.A. § 13–1–11 is not applicable to all claims for attorney's fees based on a lease provision and holding the statute did not apply to action to determine enforceability of lease term). Accordingly, the court finds that O.C.G.A. § 13–1–11 does not apply to this action and plaintiff's attorney's fees are not subject to the caps imposed by that statute. In so finding, the court reaffirms its decisions contained in the court's August 12, 2005 and October 19, 2005 orders.

Because the court finds that O.C.G.A. § 13–1–11 does not apply to this action, the award of attorney's fees is governed by the terms of the lease. Defendant failed to raise any challenges to the reasonableness of the amount of attorney's fees claimed by plaintiff. Therefore, the lease provides for an award of plaintiff's attorney's fees in their entirety. Accordingly, plaintiff's motion for an award of attorney's fees [docket no. 96] and amended motion for an award of attorney's fees [docket no. 99] are GRANTED in the amount of $263,467.83 in fees and $19,456.70 in costs for a total of $282,924.53. The Clerk of Court is DIRECTED to re-enter judgment in favor of plaintiff and against defendant for attorney fees in the amount of $263,467.83, costs in the amount of $19,456.70 and past

due rent and interest in the amount of $172,039.80. The parties are DIRECTED to notify the Eleventh Circuit Court of Appeals, in whatever manner they deem appropriate, that the court has issued this order to comply with the terms of the remand.

*Summary*

Plaintiff's motion for an award of attorney's fees [docket no. 96] and amended motion for an award of attorney's fees [docket no. 99] are **GRANTED** in the amount of $263,467.83 in fees and $19,456.70 in costs for a total of $282,924.53.

The Clerk of Court is **DIRECTED** to re-enter judgment in favor of plaintiff and against defendant for attorney's fees in the amount of $263,467.83, costs in the amount of $19,456.70 and past due rent and interest in the amount of $172,039.80. The parties are **DIRECTED** to notify the Eleventh Circuit Court of Appeals, in whatever manner they deem appropriate, that the court has issued this order to comply with the terms of the remand.