**FIFTH DIVISION
MCFADDEN, P. J.,
MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**May 1, 2019**

# In the Court of Appeals of Georgia

A19A0724, A19A0725. SIARAH ATLANTA HWY, LLC v. NEW ERA VENTURES, LLC; and vice versa.

MCFADDEN, Presiding Judge.

These appeals arise from a dispute over a commercial lease containing an option to purchase. The parties filed cross-motions for summary judgment, and the landlord filed a motion for release of funds paid into the registry of the court. The trial court ruled that New Era Ventures, LLC, the tenant, is entitled to specific performance of the option-to-purchase provision of the lease and that Siarah Atlanta Hwy, LLC, the landlord, is entitled to the funds paid into the registry of the court. The parties filed these appeals.

In Case No. A19A0724, Siarah argues that the trial court erred by finding that New Era properly exercised the option to purchase and by failing to find that Siarah

had validly terminated the lease. We hold that New Era's notice of its exercise of the option was effective and that Siarah did not terminate the lease. In Case No. A19A0725, New Era argues that the trial court erred by releasing to Siarah funds New Era had paid into the court registry for rent and other charges. We hold that the trial court did not err by awarding Siarah funds as rent, but we vacate the order in part and remand for the trial court to address whether the amount should be reduced by an award of breach-of-contract damages to New Era. We also vacate the part of the trial court's order awarding attorney fees and remand because, in an apparent oversight, the court left blank the amount of attorney fees awarded to New Era.

1. *Facts and procedural posture.*

The facts are undisputed. Siarah owns a parcel of commercial property in Forsyth County. On May 1, 2015, Siarah and New Era entered a commercial lease contract under which New Era leased a portion of the property for an initial term of ten years. The contract granted Siarah the right to terminate the lease "for any reason whatsoever, by providing [New Era] with thirty (30) days written notice." In exchange for a payment of $175,000, the contract granted New Era the option to purchase the property. It provided:

**31.** *Option to Purchase.*

> 31.1. *Purchase Option.* PROVIDED TENANT IS NOT IN DEFAULT AND HAS LEASED THE PROPERTY CONTINUOUSLY FROM THE DATE HEREOF UNTIL SUCH DATE, LANDLORD GRANTS TO TENANT, AFTER NINE (9) MONTHS FROM THE COMMENCEMENT DATE HEREOF, AND EXPIRING Forty-eight (48) MONTHS FROM THE COMMENCEMENT DATE HEREOF, ONLY (the "Option Period"), THE OPTION TO PURCHASE FROM LANDLORD **THE REAL ESTATE OF WHICH THE PREMISES IS PART AND WHICH IS MORE PARTICULARLY DESCRIBED ON EXHIBIT B**. TENANT MAY EXERCISE THE OPTION BY PROVIDING WRITTEN NOTICE TO LANDLORD AT LEAST NINETY (90) DAYS PRIOR TO THE DATE OF CLOSING (the "Option Event").

(Emphasis in original.)

In accordance with the contract, New Era paid Siarah $175,000 for the option to purchase the property. On January 27, 2017, New Era sent Siarah notice that it would exercise the option. That same day, Siarah sent New Era notice that it was terminating the lease and demanding possession within 30 days.

In April 2017, Siarah filed a petition for a writ of possession against New Era in the Magistrate Court of Forsyth County. New Era filed a counterclaim, alleging

breach of contract and seeking specific performance of the option-to-purchase provision of the lease contract. The magistrate court transferred the case to the Superior Court of Forsyth County. Then Siarah successfully moved to transfer the case to Gwinnett County because of a choice-of-venue provision in the lease. Siarah also amended its complaint to assert claims for breach of contract and slander of title.

The parties filed cross-motions for summary judgment, and Siarah moved for release of the funds New Era had paid into the registry of the court for rent and other charges. The trial court ruled that New Era was entitled to specific performance of the option-to-purchase provision and that Siarah was entitled to the funds paid into the court registry. These appeals followed.

"Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We apply a de novo standard of appellate review and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Logistics Intl. v. Raco/Melaver*, 257 Ga. App. 879, 880 (1) (572 SE2d 388) (2002) (citations and punctuation omitted).

4

Case No. A19A0724.

2. *New Era exercised the option to purchase*.

Siarah argues that because it terminated the lease, it terminated the option provision included in the lease, and New Era could not exercise the option. We disagree.

Siarah sent its lease termination letter on January 27, 2017. Thus termination would have been effective on February 26, 2017, after the 30-day, contractual notice period had ended. See *Alexander v. Steining*, 197 Ga. App. 328, 332 (II) (398 SE2d 390) (1990) (notice of termination became effective after statutorily mandated 60-day notice period had expired). Cf. *Logistics Intl.*, 257 Ga. App. at 880 (1) (a). But New Era exercised the option to purchase on January 27, 2017, before the attempted termination became effective, by notifying Siarah of its intent to purchase.

Siarah argues that in order to validly exercise the option, New Era had to actually purchase the property on or before January 31, 2017. We disagree. As noted above, on January 27, 2017, within the contractually defined option period, New Era sent written notice to Siarah that it was exercising the option, and it scheduled a closing for May 12, 2017, more than 90 days later. These actions complied with the requirements as set out in the lease contract and were effective to exercise the option.

5

Contrary to Siarah's argument, nothing in the contract requires the closing of the sale to occur within the option period.

To the extent that Siarah argues New Era was required to tender the purchase price to exercise the option, we disagree because

> [a]n option to purchase can be exercised without the payment of the purchase price, or the tender thereof, unless the option contract provides for such payment as a condition precedent to the exercise of the option. On the sale of land, in the absence of express agreement, the payment of the purchase money and the delivery of the title deed are concurrent acts.

*Pritchett v. Dodd*, 112 Ga. App. 453, 454 (2) (145 SE2d 610) (1965) (citations and punctuation omitted). The parties' contract does not provide for such payment.

Siarah argues that, even if New Era was not required to tender the purchase price in order to exercise the option, it was required to tender the purchase price in order to sue for specific performance. "Georgia law explicitly requires tender of the contract sales price to obtain specific performance." *Peaches Land Trust v. Lumpkin County School Bd.*, 286 Ga. App. 103, 106 (2) (648 SE2d 464) (2007). See *Burns v. Reves*, 217 Ga. App. 316, 317 (1) (457 SE2d 178) (1995) ("(B)efore equity will decree specific performance of a contract for the sale of land, there must be an

6

absolute and unconditional tender of the purchase-price. An offer to pay the purchase-price on delivery of a properly executed deed is not an unconditional tender.") (citations and punctuation omitted).

However, "the law does not require actual tender as a condition precedent to entitlement to specific performance where rejection is deemed likely." *Burns*, 217 Ga. App. at 317 (1) (citation omitted). The undisputed facts show that Siarah's rejection of the tender would have been likely. On February 17, 2017, counsel for Siarah wrote New Era that its notice of exercising the option was insufficient under the lease contract and that the option had expired on January 31, 2017. On February 20, 2017, counsel for New Era responded that its notice was sufficient and that it was ready, willing, and able to perform. New Era arranged financing for the purchase, and on February 28, 2017, counsel for New Era wrote to counsel for Siarah, informing him of the date, time, and location of the scheduled closing and stating: "If I do not receive confirmation from you on behalf of Landlord by Friday, March 3, 2017 at 5:00 p.m. of Landlord's intent to convey the property to Tenant pursuant to the Purchase Option, it will be understood that Landlord does not intend to accept tender of the purchase price by my client at closing." Siarah's counsel responded, reiterating its position that the option had terminated, the lease had terminated, and New Era

needed to vacate the premises. "This was a waiver of tender, and under the law relieved [New Era] of any obligation to tender." *Shepard v. Gettys*, 206 Ga. 392, 395 (57 SE2d 272) (1950) (citation omitted). "To the extent that [New Era] did not make a formal tender of the purchase money, [Siarah's] entitlement to the tender was waived as it was clear that it would have been refused."*Fox Run Properties, LLC v. Murray*, 288 Ga. App. 568, 573 (2) (b) (654 SE2d 676) (2007) (citation omitted).

For these reasons, the trial court did not err by granting summary judgment to New Era on its claim for specific performance of the option-to-purchase provision in the lease contract.

3. *The attempted lease termination was ineffective*.

Once New Era exercised the option on January 27, 2017, before Siarah's notice of termination took effect on February 26, 2017, New Era's position changed from that of a tenant to a purchaser in possession. "The effect of such notice [of exercise of the option was] to metamorphose the option, optionor and optionee into a contract of sale, vendor and vendee." *Jackson v. Southern Pan & Shoring Co.*, 260 Ga. 150, 151 (2) (390 SE2d 393) (1990) (citations and punctuation omitted). New Era,

> having availed [it]self of [the] option to purchase, and having offered to perform the covenants resting upon [it] under the contract, was

8

thereafter in possession of the premises as one under a contract of purchase and not as a tenant, and could not be dispossessed after the expiration of the period originally designated as the period of tenancy as a tenant holding over.

*McLean v. Neal*, 29 Ga. App. 9, 10 (113 SE 63) (1922). As there was no longer a landlord-tenant relationship, there was no tenancy for Siarah to terminate.

Case No. A19A0725.

4. *The trial court did not err by awarding Siarah rent, but the court did not address New Era's claim for breach-of-contract damages and its order must be vacated and remanded.*

"When, in an action for rent, title is shown in the plaintiff and occupation by the defendant is proved, an obligation to pay rent is generally implied." OCGA § 44-7-5. Here, it is undisputed that, at least until the closing of the purchase pursuant to the option, Siarah owns the property and New Era occupies it. So the trial court did not err in ruling that Siarah is entitled to at least some of the funds New Era has paid into the court registry for rent and other charges. But it does not appear that the trial court considered New Era's breach-of-contract counterclaim when considering the amount of the funds to be released. The court must consider the breach-of-contract counterclaim because

9

[s]pecific performance at the end of a protracted litigation under compulsion is practically never full performance of the contract; instead, there has been an extensive and injurious partial breach. In such a case, the court should decree the payment of damages for the partial breach that has already occurred, even though obedience of the decree will prevent the commission of further breaches

*A&D Asphalt Co. v. Carroll & Carroll of Macon*, 247 Ga. App. 77, 80 (543 SE2d 397) (2000) (citation and punctuation omitted). Should the trial court determine that New Era is entitled to breach-of-contract damages, any award could reduce the amount of funds from the court registry to be awarded to Siarah. So we vacate this part of the trial court's order and remand for proceedings not inconsistent with this opinion.

5. *The court's order leaves the amount of attorney fees blank.*

Although the trial court found that New Era was entitled to attorney fees, in the order it left the amount blank, stating: "The Court awards New Era attorney's fees in the amount of $_____." So we vacate this part of the trial court's order and remand for proceedings not inconsistent with this opinion.

*Judgment affirmed in Case No. A19A0724. Judgment affirmed in part, vacated in part, and case remanded in Case No. A19A0725. McMillian and Goss, JJ., concur.*

11